Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v*. Felix Granito, Appellee.

Argued June 4, 1979, before Judges CRUMLISH, JR., BLATT and DiSALLE, sitting as a panel of three.

*Harold H. Cramer*, Assistant Attorney General, with him *William D. Miller*, Assistant Attorney General, *Robert W. Cunliffe*, Deputy Attorney General, and *Gerald Gornish*, Attorney General, for appellant.

No appearance for appellee.

OPINION BY JUDGE CRUMLISH, JR., October 23, 1979:

This Commonwealth appeals an order of the Beaver County Common Pleas Court which reversed the Department of Transportation's order suspending the motor vehicle privileges of Felix Granito pursuant to Section 1413 of the Vehicle Code (Code).[1]

Granito's minor daughter, while driving her father's motor vehicle without his permission, was involved in a collision in Ohio. Default judgment on a suit brought in Ohio was entered against Granito in the Ohio Court in the amount of $401.24. This unsatisfied judgment was certified to the Pennsylvania Department of Transportation which notified him that his operator's privileges and vehicle registration would be suspended, citing the authority of Section 1413 of the Code relating to the failure to satisfy the Ohio judgment.[2]

The Beaver County (Pennsylvania) trial court refused to give effect to the Ohio judgment holding that the Ohio Court lacked personal jurisdiction over Granito in violation of his right to due process of law.

This Court is required to recognize final judgments entered by courts of our sister states according to the constitutional mandates of the Full Faith and Credit Clause to the United States Constitution.[3] However, where, as here, a judgment debtor is challenging the

[1] Act of April 29, 1959, P.L. 58, as amended, 75 P.S. §1413. The former Vehicle Code has been repealed and a similar provision is now found in the Vehicle Code of 1976, 75 Pa. C.S. §1742.

[2] We have held that the purpose of Section 1413 is to protect the public from the financial irresponsibility of those who have had judgments entered against them as a result of motor vehicle accidents and not to punish negligent drivers. Department of Transportation v. Rodgers, 20 Pa. Commonwealth Ct. 393, 341 A.2d 917 (1975).

[3] Article IV, Section 1 states in part: "Full Faith and Credit shall be given in each State to the public acts, records, and judicial proceedings of every other state."

underlying jurisdiction of the foreign court fundamental notions of fairness require us to make a determination of whether that foreign court had jurisdiction over a party before we enforce the judgment against him.

Section 104 of the Restatement (Second) of Conflict of Laws states the controlling principle of law:

A judgment rendered without judicial jurisdiction or without adequate notice or adequate opportunity to be heard will not be recognized or enforced in other states.

The section's comment instructs that the rationale for the rule is that due process prohibits the entry of judgment unless that state has jurisdiction and unless the parties have been given adequate notice and an adequate opportunity to be heard. *See Hanson v. Denkla,* 357 U.S. 235 (1958).

Unfortunately, the sparcity of the record before us on the issue of whether Granito had sufficient notice of the Ohio court proceedings to give him an opportunity to be heard precludes proper review by this Court. Particularly puzzling is Granito's reply to the question of whether he engaged an Ohio attorney to counsel him on the legal vagaries of his daughter's accident.

We remand to the trial court for the taking of additional testimony on the issue of proper notice.

Accordingly, we

### ORDER

AND Now, this 23rd day of October, 1979, the order of the Court of Common Pleas of Beaver County, dated October 31, 1977, is hereby remanded for the taking of additional evidence on the issue of whether Granito was given adequate notice of the Ohio Court proceedings.