Bernard W. Smith, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and National Annealing Box Company, Respondents.

Argued February 5, 1981, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

*Sanford S. Finder*, for petitioner.

*James W. Young, Jr., Sharlock, Repcheck, Engel & Mahler*, for respondents.

OPINION BY JUDGE CRAIG, March 16, 1981:

Claimant, an employee of National Annealing Box Company, has appealed from an affirmance, by the Workmen's Compensation Appeal Board, of a referee's decision which, pursuant to testimony from one physician on each side, found the injured claimant able to resume work and therefore granted the employer's petition for termination of compensation.

In response to the claimant's attempt to return to work, the employer issued a letter to him requiring that, before claimant would be permitted to return to work, he must produce medical statements from two additional named physician specialists, who had also examined or treated claimant. The employer's claim is that the right to call for such medical releases is authorized by the collective bargaining agreement with claimant's union, but the claimant seeks reversal of the compensation decision because of the employer's demand.

We conclude that the employer's demand for medical releases is not a matter addressable to the compensation issue. Because a worker could be medically barred from resuming work because of an infirmity distinct from the compensable disability, there is no inevitable inconsistency between the employer's position that the compensable disability has ceased and the employer's demand for a completion of medical clearance.

Whether the employer's demand is warranted by the collective bargaining agreement or is, instead, a punitive action against the compensation claimant, is a question to be resolved in grievance procedures, or

520

other forum appropriate to the question of the right to return to work under the union agreement, and not here, where the question is the right to receive compensation for being unable to work.

Claimant has not otherwise attacked the referee's resolution of the conflicting medical testimony presented to him. We therefore affirm the board's decision.[1]

ORDER

Now, March 16, 1981, the motion to quash is denied, and the decision of the Workmen's Compensation Appeal Board, at Docket No. A-76981, dated March 13, 1980, is affirmed.

---

[1] The employer has interposed a motion to quash this appeal, but we deny that motion because it is actually based upon a claim of essential weakness in the substantive position of claimant, rather than upon any failure of the appeal to fall properly within our jurisdiction; the appeal as such, having been timely taken from a compensation decision of the board, is properly before us.