512 A.2d 1322

Long Service Co., Inc., Petitioner *v.* Workmen's Compensation Appeal Board (Schell), Respondents.

Submitted on briefs May 13, 1986, to Judges CRAIG and DOYLE, and Senior Judge BARBIERI, sitting as a panel of three.

*Donald B. Hoyt, Blakey, Yost, Bupp & Kilgore,* for petitioner.

*Raymond R. Smith,* for respondent, Robert J. Schell.

*John J. Sylvanus, Stetler & Gribbin,* for intervenor, CNA Insurance.

*Mark Woodbury, III,* for intervenor, Rockwood Insurance Company.

OPINION BY SENIOR JUDGE BARBIERI, July 22, 1986:

Long Service Co., Inc., Petitioner, Employer, appeals here an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's award to Robert J. Schell, Claimant, upon setting aside a final receipt, for total disability from injuries suffered by him when he fell a distance of 36 feet during the performance of his duties as a roofer. His injuries resulting from the fall were serious, including a fractured left femur, a fractured left hip, described as a "comminuted intertrochanteric fracture of the left hip" as well as other

injuries in the "inguinal area," and he has undergone serious and extensive surgery. In an effort to achieve rehabilitation, he was returned to some form of light work with the Employer for the period September 8, 1981 to March 31, 1982. The referee made the following pertinent findings:

7. Claimant received Workmen's Compensation benefits from February, 1973 until September 8, 1981 for temporary total disability.

8. On September 8, 1981 through the cooperation of the Keystone Rehabilitation Associates, Inc. Claimant returned to Defendant in a light duty job taylor [sic] made for his disabilities.

9. Upon returning to work on September 8, 1981, Claimant signed a Final Receipt, but the Receipt was signed when Defendant and Defendant-Carrier knew that Claimant was still suffering from his accident of February 1, 1973. Claimant returned to work under restrictions of his physician.

10. That after approximately 4 to 6 weeks the defendant began assigning normal duties to Claimant including heavy lifting and the shoveling of snow.

11. Claimant, needing income to provide for his wife and himself, did the heavy duty assignments without complaint since Claimant feared that he would be fired.

12. As a result of the increase of heavy type of work given Claimant to do, Claimant began to have pain in the lumbar area and the cervical area of his body.

13. The pain increased to the extent that Claimant asked for light duty work. Defendant advised there was no light duty work.

14. On the advice of Dr. Brimfield on April 1, 1982 Claimant discontinued his employment at Defendants.

15. On April 30, 1982 Claimant was confined to the Memorial Hospital at the direction of Dr. Charles Brimfield for the recurrence of injuries received in his employment.

16. Claimant remains under the care of Dr. Brimfield and has not returned to work due to his injuries.

17. The Defendant, General Accident Group is the Workmen's Compensation insurance carrier liable for Workmen's Compensation to Claimant.

As the referee has pointed out, during Claimant's employment, including the re-employment effort from September 8, 1981 to March 31, 1982, coverage was provided by three different insurers, as follows:

During the time that Claimant was employed by Defendant, Long Service, Co., Inc. there were three Compensation carriers for Defendant, *i.e.*, (1) General Accident Group, February 1, 1973, through May 30, 1979; (2) CNA June 1, 1979 through February 1, 1982 and (3) Rockwood Insurance Company, February 2, 1982 to present date. These carriers were all joined as defendants.

Since the decision of the referee as affirmed by the Board is that Claimant's disability since he last worked at the rehabilitation employment, March 31, 1982, is attributable to the original injury of February 1, 1973, liability is necessarily assessed against General Accident Group. Each of the other two named insurers have filed briefs in defense against the contention of General Accident Group that Claimant's present disability resulted from a new injury suffered during the re-employment period of September 8, 1981 to March 31,

1982, the basis for this contention being that Claimant's present disability is not a "recurrence" of injuries suffered on February 1, 1973, but constitutes a new injury under Section 301(c)(1) of The Pennsylvania Workmen's Compensation Act (Act),[1] resulting from "aggravation" of a pre-existing condition. Our examination of the record leads us to disagree, and conclude that the referee's determination is correct whether the disability was a recurrence of the original injury or a continuation thereof with increased symptoms. In our view, the referee properly found that Claimant's disability existed at the time of signing the final receipt and continued thereafter, with the symptoms being exacerbated, rather than newly caused, by Claimant's effort to perform the increasingly burdensome duties called for by his Employer during the period of his return to work in the rehabilitation program. In short, the referee was within his fact-finding discretion to find that the disability after March 31, 1982, continued to result from the injuries sustained on February 1, 1973. While it is true, as pointed out, that the only medical testimony in the case, that of Dr. Charles Brimfield, raises medical questions as to which of the complaints Claimant now has can be properly attributed to events on February 1, 1973, the rationalization of this testimony and the acceptance of those portions thereof on which to make findings and an award is the province of the referee and the review thereof is not a prerogative of this Court.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §411. The pertinent provision reads:
The terms "injury" and "personal injury," as used in this act, shall be construed to mean an injury to an employe, regardless of his previous physical condition, arising in the course of his employment and related thereto, and such disease or infection as naturally results from the injury or is aggravated, reactivated or accelerated by the injury. . . .

*Economy Decorators, Inc. v. Workmen's Compensation Appeal Board (Federici),* 96 Pa. Commonwealth Ct. 208, 506 A.2d 1357 (1986).

The Board in affirming stated:

On appeal, General Accident Group argues that the medical evidence was insufficient to establish a recurrence of his injury. We agree with the carrier on that point. However, we have two alternative bases to affirm the Referee. If the referee makes the right decision for the wrong reasons, the Board may affirm the referee. Haney v. Workmen's Compensation Appeal Board, 65 Pa. Cmwlth. 461, 442 A.2d 1223 (1982).

The Referee's findings and the record discloses that all the Claimant's disability had not ended when the Claimant signed the final Receipt. As the Court stated in Metzger v. Workmen's Compensation Appeal Board, 480 A.2d 367, 369 (Pa. Cmwlth. 1984):

Claimant correctly argues that once he had proven that all disability due to the injury had not ceased at the signing of the final receipt, the notice of compensation payable agreement revived and the burden shifted to the employer to prove that compensation under the original agreement should be reduced or suspended.

The burden was on the Defendant to show a new injury which it failed to do.

Additionally, we find this situation to be analagous to Busche v. Workmen's Compensation Appeal Board, 77 Pa. Cmwlth. 469, 466 A.2d 278 (1983). In this case the Claimant was given a light duty job which the Defendant terminated by changing it to regular work. We consider the Claimant's showing that light duty job was no

longer available was sufficient to reinstate compensation.

We agree with the Board, since it is obvious that the proper procedure here rather than a final receipt would have been a suspension in view of the admitted continuing disability. The following statements from *Busche* relied upon by the Board, are pertinent:

> Also, in cases such as this one, whether unauthorized cessation of payments took place or there was a suspension agreement if it is shown in the reinstatement proceeding that Claimant's total disability continued, relieved only by his period of reemployment in a "specially created job," proof of the discontinuance of such employment is Claimant's only burden and an employer who chooses not to continue payments must then, as stated in *Unora,* assume the burden to establish the existence of the selective type job that Claimant is able to perform. Barrett v. Otis Elevator Co., 431 Pa. 446, 246 A.2d 668 (1968); Petrone v. Moffat Coal Co., 427 Pa. 5, 233 A.2d 891 (1967). . . . In this case, . . . Claimant simply must show that, while his disability has continued, his loss of earnings has recurred.

77 Pa. Commonwealth Ct. at 474-475, 466 A.2d at 280-281.

Since we agree with the conclusion of the referee, affirmed by the Board, that the responsible insurer is General Accident Group, and find no error in ordering the reinstatement of benefits, we will affirm.

ORDER

Now, July 22, 1986, the order of the Workmen's Compensation Appeal Board at No. A-87555, dated October 4, 1985, is hereby affirmed.