535 A.2d 763

Rite Aid Corporation and Hartford Insurance Group, Petitioners *v.* Workmen's Compensation Appeal Board (Bupp), Respondents.

Submitted on briefs November 16, 1987, to Judges CRAIG and COLINS, and Senior Judge BARBIERI, sitting as a panel of three.

*R. Burke McLemore, Jr., Thomas & Thomas,* for petitioners.

*Ira H. Weinstock,* with him, *Gerard M. Mackarevich, Ira H. Weinstock, P.C.,* for respondent, Bonnie Bupp.

OPINION BY SENIOR JUDGE BARBIERI, January 15, 1988:

Rite Aid Corporation (Employer) appeals the order of the Workmen's Compensation Appeal Board (Board) which denied Employer's petition to terminate compensation and granted Claimant Bonnie Bupp's petition to reinstate compensation. We shall affirm.

Claimant was employed as a packer-picker by Employer. Her job involved selecting various items of merchandise from racks which ranged from floor level to overhead, pricing them, and putting them in tote bins for distribution to stores. In 1979, Claimant suffered a serious injury to her left shoulder for which she received compensation. After surgery involving a "stapling" procedure she returned to work. On May 4, 1983, Claimant bruised her left shoulder when she was hit by a falling box. Compensation was paid pursuant to a notice of compensation payable for this injury until Claimant returned to work on September 12, 1983. The par-

ties stipulated that compensation would be suspended since Claimant returned to her pre-injury job with no loss of earnings. On January 6, 1984, Claimant was fired for failing to keep up with production quotas. Employer then filed a petition for termination alleging all disability due to the May 4, 1983, injury had ceased. Claimant countered with a petition to reinstate the suspended compensation.

Claimant's treating physician, Doctor Frank Bryan, submitted the only medical testimony offered. Doctor Bryan testified that the contusion Claimant suffered May 4, 1983, had accelerated her previous condition and interfered with Claimant's ability to do overhead lifting with her left hand. Claimant, although cleared to go back to work in September 1983, had continued to experience difficulties with overhead lifting and a surgical decompression was performed on the left shoulder in March 1985. Employer attacks this testimony on two grounds.

First, Employer asserts that any continuing disability dates from the 1979 injury, for which a different carrier paid compensation, and that the medical testimony is ambiguous in distinguishing between the disability attributable to the two injuries. Rationalization of these ambiguities is the exclusive province of the referee which we will not disturb. *Long Service Co., Inc. v. Workmen's Compensation Appeal Board (Schell)*, 99 Pa. Commonwealth Ct. 112, 512 A.2d 1322, 1324 (1986). Employer also contends there is no medical reason why Claimant could not do the job using her uninjured right arm to perform the overhead lifting. The only testimony submitted on this point was that of Claimant who testified that she did use her right hand 75% of the time. As Claimant was fired for failing to keep up production levels, the Board's rationale that Claimant's use of her disabled arm 25% of the time contributed to her inabili-

ty to perform the job at the required production level is reasonable.

Following Claimant's termination, Employer and Claimant litigated Claimant's firing before a union arbitrator, an Unemployment Compensation referee, and the Pennsylvania Human Relations Commission. The arbitrator concluded Claimant was fired for good cause for willfully withholding production. The Unemployment Compensation referee found that Claimant had not been terminated for willful misconduct and was available for work. The Pennsylvania Human Relations Commission complaint filed alleged Claimant was physically able to work. Employer contends that these decisions collaterally estop Claimant from contending she is disabled and unable to do the job in question. The referee was correct in admitting this evidence but refusing to be bound by it as these other proceedings involve different standards of proof and questions of both fact and law. *Smith v. Workmen's Compensation Appeal Board (National Annealing Box Co.)*, 57 Pa. Commonwealth Ct. 518, 426 A.2d 766 (1981).

Employer's next argument is that the referee misapplied the burden of proof with respect to the opposing petitions for termination and reinstatement of a suspended claim. It is undisputed that on a petition for termination Employer has the burden of proving that all disability stemming from the 1983 injury has ceased. *Beissel v. Workmen's Compensation Appeal Board (John Wanamaker, Inc.)*, 502 Pa. 178, 465 A.2d 969 (1983). Employer did not meet this burden, as the sole medical testimony presented was by Claimant's treating physician who indicated continuing problems which the referee found to be related to the 1983 injury for which Employer had issued a notice of compensation payable.[1]

---

[1] A presumptive partial disability exists by virtue of the order to suspend compensation; the employer can eliminate liability only

Having thus properly determined on the Employer's termination petition that Claimant's disability continued, the suspension, admittedly a concession that disability is continuing, remains in effect. Claimant need only show that the work provided by the Employer on which the suspension is based, is no longer available to Claimant, whereupon total disability payments must be reinstated as of the date of termination of that employment. In *Busche v. Workmen's Compensation Appeal Board (Townsend and Bottum, Inc.)*, 77 Pa. Commonwealth Ct. 469, 466 A.2d 278 (1983), where the facts as to reinstatement are legally indistinguishable from the present case, we stated:

> Also, in cases such as this one, whether unauthorized cessation of payments took place or there was a suspension agreement, if it is shown in the reinstatement proceeding that Claimant's total disability continued, relieved only by his period of reemployment in a 'specially created job,' proof of the discontinuance of such employment is Claimant's only burden and an employer who chooses not to continue payments must then, as stated in Unora, assume the burden to establish the existence of the selective type job that Claimant is able to perform. Barrett v. Otis Elevator Co., 431 Pa. 446, 246 A.2d 668 (1968); Petrone v. Moffat Coal Co., 427 Pa. 5, 233 A.2d 891 (1967).

*Id.* at 474, 466 A.2d at 280. *See also Venanzio v. Workmen's Compensation Appeal Board (Eastern Express)*, 88 Pa. Commonwealth Ct. 204, 207, 489 A.2d 284, 286 (1985).

---

by offering suitable work. *Economy Decorators v. Workmen's Compensation Appeal Board (Federici)*, 96 Pa. Commonwealth Ct. 208, 215, 506 A.2d 1357, 1360 (1986).

As noted, suitable work was not provided. Accordingly, there being no error in the Board's order affirming the Referee's decision denying Employer's termination petition and granting Claimant's reinstatement petition, we will affirm.

ORDER

NOW, January 15, 1988, the order of the Workmen's Compensation Appeal Board at No. A-91112, dated August 22, 1986, is hereby affirmed.