543 A.2d 201

Mary Ann Swartz, Petitioner *v.* Workmen's Compensation Appeal Board (Dutch Pantry Restaurant), Respondents.

Dutch Pantry Restaurant, Petitioner *v.* Workmen's Compensation Appeal Board (Swartz), Respondents.

48

Submitted on briefs March 7, 1988, to Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Neil J. Marcus*, for petitioner, Mary Ann Swartz.

*Joseph S. Weimer*, for Dutch Pantry Restaurant.

*Michael D. Sherman, Fried, Kane, Walters & Zuschlag*, for Dutch Pantry Restaurant/Aetna Life & Casualty Company.

OPINION BY SENIOR JUDGE NARICK, June 9, 1988:

Before this Court are the appeals of Mary Ann Swartz (Claimant) and Fireman's Fund Insurance (Fireman's Fund) from a decision of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision to set aside a final receipt, to reinstate benefits

to Claimant and to grant the review petition of Aetna Life and Casualty Company (Aetna). We affirm.

Claimant was initially injured during the course of her employment with Dutch Pantry Restaurant (Employer) when she received a chemical burn from a solution used to pre-soak silverware. As a result of this chemical burn, Claimant incurred a skin infection and hand dermatitis which required her to miss work from June 11, 1984 to July 23, 1984. Upon her return to work, Claimant was under medical restrictions which prevented her from using chemicals or acidic solutions, and from touching raw foods. Pursuant to a notice of compensation payable dated July 26, 1984, Aetna paid compensation benefits to Claimant for the period of June 11, 1984 to July 23, 1984 in the amount of $640.02. Aetna also paid Claimant's medical bills which totaled $453.10. On July 28, 1984, Claimant signed a final receipt thereby terminating Aetna's liability under the notice of compensation payable.

Claimant continued to work until September 3, 1985 when a new supervisor told Claimant to utilize a chemical detergent. As a result of working with this cleaner, Claimant's hands broke out with dermatitis. On or about November 7, 1985, Claimant filed a petition for reinstatement of compensation pursuant to Section 413 of The Pennsylvania Workmen's Compensation Act (Act),[1] 77 P.S. §772 alleging that she was physically disabled and unable to work because her use of the chemical detergent aggravated the pre-existing skin infection and dermatitis which she had previously suffered from in July 1984. Claimant's petition named Employer and Aetna as defendants. Aetna filed a timely answer denying that Claimant sustained an aggravation of a pre-existing condition. It was further averred by Aetna that

---

[1] Act of June 2, 1915, P.L. 736, *as amended*.

Claimant was erroneously paid by Aetna under the July 26, 1984 notice of compenstion payable because the original injury occurred on May 18, 1984 and Aetna did not provide workers' compensation coverage to Employer on this date—its coverage of Employer did not commence until July 1, 1984. Aetna also filed a petition to join Fireman's Fund as a party defendant alleging that Fireman's Fund was the responsible carrier on May 18, 1984. In addition, Aetna filed a petition to review the notice of compensation payable pursuant to Section 413 of the Act, 77 P.S. §771 based upon its assertions that Aetna did not insure Employer at the time of the original injury.

After hearing,[2] the referee awarded benefits to Claimant for the period September 3, 1985 through February 13, 1986, finding that Claimant had sustained a recurrence of her original injury, but that any inability to work after February 13, 1986 was due to a possible recurrence of dermatitis. The referee also set aside the final receipt executed on July 28, 1984 based upon his conclusion that all of Claimant's disability as a result of the May 18, 1984 injury had not ceased at the time the final receipt was signed. Regarding the review petition filed by Aetna, the referee granted said petition concluding that the July 26, 1984 notice of compensation payable was erroneous because Fireman's Fund was the responsible carrier; therefore, Aetna was entitled to reimbursement from Fireman's Fund in the amount of $1,092.12. Claimant and Fireman's Fund appealed the referee's decision, but the Board affirmed the referee. Both Claimant and Fireman's Fund petitioned this Court for review.[3]

---

[2] The petitions of Claimant and Aetna were consolidated for hearing before the referee.

[3] When petitioned to review a decision of the Board, we are limited in our review to a determination of whether constitutional

First, we will consider Claimant's argument which is essentially that the Board erred in concluding that Claimant had recovered as of February 13, 1986 from her work-related injury. The sole medical testimony presented was that of Dr. Paul J. Ruschak who was called to testify on behalf of Claimant. With respect to Dr. Ruschak's testimony, the referee made the following finding of fact:

9. Claimant offered the deposition testimony of Dr. Paul J. Ruschak, a Board certified dermatologist. At the time of this deposition a report of Dr. P. J. Blythe was entered into the record of the deposition over the objection of counsel for the defendants. Dr. Ruschak opined that the claimant had an exacerbation of hand dermatitis initially in June of 1984 and a second exacerbation in September of 1985. Dr. Ruschak examined claimant on February 13, 1986. As of the date of the examination Dr. Ruschak found that claimant's condition had cleared to the point where she could perform the physical duties of her job but that future exposure to allergic chemicals could precipitate further exacerbation of her hand dermatitis. In Dr. Ruschak's opinion the September 1985 incident was the same event as claimant had in May of 1984 and your Referee so finds.

When no additional evidence is received by the Board, the referee is the ultimate fact-finder. *Universal Cyclops Steel Corp. v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973). A referee may ac-

---

rights have been violated, an error of law committed or whether any necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Kirkwood v. Unemployment Compensation Board of Review,* 106 Pa. Commonwealth Ct. 92, 525 A.2d 841 (1987).

cept or reject the testimony of any witness, in whole or in part. *Kraemer v. Workmen's Compensation Appeal Board (Perkiomen Valley School District)*, 82 Pa. Commonwealth Ct. 469, 474 A.2d 1236 (1984). The rationalization of a witness' testimony and the acceptance of those portions thereof on which to make findings and an award is the province of the referee, and is not a review prerogative of this Court. *Long Service Co., Inc. v. Workmen's Compensation Appeal Board (Schell)*, 99 Pa. Commonwealth Ct. 112, 512 A.2d 1322 (1986). Therefore, if the testimony when taken as a whole serves as substantial support for the referee's findings, we will affirm. *Lewis v. Workmen's Compensation Appeal Board (Pittsburgh Board of Education)*, 508 Pa. 360, 498 A.2d 800 (1985).

Having reviewed the entire testimony of Dr. Ruschak, we are satisfied that Dr. Ruschak's testimony supports the referee's findings. The possibility of a future recurrence does not constitute a compensable disability. *Gallo v. Workmen's Compensation Appeal Board (Grove Textiles, Inc.)*, 31 Pa. Commonwealth Ct. 599, 377 A.2d 1014 (1977). Accordingly, we must reject Claimant's argument.

Next we shall turn to the arguments presented by Fireman's Fund which are: (1) the referee and the Board erred in concluding that Claimant's September 3, 1985 injury was a recurrence of her May 18, 1984 injury; (2) the referee and the Board exceeded their authority under Section 413 of the Act by substituting Fireman's Fund on the original notice of compensation payable; and (3) under the theory of equitable estoppel Aetna cannot challenge the mistake it made in 1984 when it paid Claimant benefits.

It is the position of Fireman's Fund that Claimant's September 3, 1985 injury was an aggravation of a preexisting condition and not a recurrence of a prior injury;

therefore, Aetna is the responsible carrier. Whether a disability results from an aggravation of a pre-existing condition (a new injury) or is a recurrence of a prior work-related injury is a question of fact for the referee. *Lackawanna Refuse and United States Fidelity and Guaranty Co. v. Workmen's Compensation Appeal Board (Christiano)*, 74 Pa. Commonwealth Ct. 286, 459 A.2d 899 (1983). If the current disability is an aggravation of a prior injury, there has been a new injury and the insurer of the employer when the aggravation occurred is the responsible carrier; but, if the disability is a recurrence of disability as a result of the prior injury, then the insurer of the employer at the time of the original injury is the responsible carrier. *Lackawanna Refuse* at 287, 459 A.2d at 899-900.

Claimant testified that after her first incident of hand dermatitis she returned to work in July 1984 but was restricted from handling raw foods and chemical solutions or detergents. Claimant further testified that during the period July 1984 through September 3, 1985 she still experienced soreness and swelling but not much blistering. However, after the incident on September 3, 1985 whereby Claimant used a chemical cleaner she experienced a severe breakout of hand dermatitis just as she had in June 1984. Also, Dr. Ruschak opined that Claimant had an exacerbation of hand dermatitis initially in June 1984, a second exacerbation in September 1985, and that the second incident was the same type of event Claimant had experienced in 1984. Thus, the referee's findings are supported by substantial evidence, and must be affirmed.

Fireman's Fund also argues that the referee and the Board went beyond the statutory authority conferred upon them pursuant to Section 413 of the Act by granting Aetna's review petition and substituting Fireman's Fund on the original notice of compensation payable. A

party seeking to establish that a notice of compensation payable is incorrect must file a review petition. Section 413 of the Act provides with respect to review petitions:

> A referee of the department may, at any time, review and modify or set aside a notice of compensation payable and an original or supplemental agreement or upon petition filed by either party with the department, or in the course of the proceedings under any petition pending before such referee, if it be proved that such notice of compensation payable or agreement was in any material respect incorrect.

A review petition is limited to review or modification of a notice of compensation payable which is in some material respect incorrect and such modification may occur at *any* time. *Reed v. Workmen's Compensation Appeal Board,* 499 Pa. 177, 452 A.2d 997 (1982). However, in *Fahringer v. Workmen's Compensation Appeal Board (Green),* 107 Pa. Commonwealth Ct. 597, 602, 529 A.2d 56, 58-59 (1987), this Court stated that the Board's authority to modify or correct an error in a notice of compensation payable pursuant to Section 413 of the Act is limited to correcting errors in *existing* agreements. Fireman's Fund contends that the notice of compensation payable signed by Claimant on July 26, 1984 was no longer existing because on July 28, 1984 a final receipt terminating Aetna's liability to Claimant was executed. For the reasons which follow, this argument must fall.

The referee made the following relevant findings of fact:

> 6. As a result of the aforesaid chemical burn [incurred on May 18, 1984], claimant's hands got red, blistered, burny and itchy. When claimant returned to work on July 23, 1984 she was under medical restriction to perform cooking duties

only and not to put her hands in water, detergents, or any acidic solutions. She was not allowed to touch any raw foods. Her hands were still sore and had a little swelling although not much blistering. On September 3, 1985 a new supervisor asked claimant to scour pots and pans with a cleanser and abrasive cleaner. Claimant's hands thereafter again became red, swollen, painful, burning and itchy. Claimant has not worked since this date.

. . . .

11. Aetna Life and Casualty Company did not insure defendant, Dutch Pantry Restaurant until July 1, 1984.

12. Fireman's Fund Insurance Comapny [sic] was the carrier for defendant, Dutch Pantry Restaurant, on May 18, 1984.

. . . .

14. Your Referee, based on all the testimony of record, finds that claimant's injury of September 3, 1985 was a recurrence of her May 18, 1984 injury.

In the instant case, Claimant filed a petition for reinstatement of benefits and not a petition to set aside final receipt. However, the referee in addition to finding a recurrence of injury also set aside the final receipt. We will assume, therefore, that the referee considered Claimant's petition as both a petition for reinstatement and a petition to set aside final receipt, which was within his prerogative. *Mellor. v. Workmen's Compensation Appeal Board (Wilson Tires, Inc.)*, 102 Pa. Commonwealth Ct. 504, 518 A.2d 1308 (1986).[4]

---

[4] It is well settled that if the evidence justifies relief under a section of the Act other than the one invoked by a claimant, relief may be granted. *Mellor; Plitt v. Workmen's Compensation Appeal Board (Hanover Klondike and Home Insurance Co.)*, 98 Pa. Commonwealth Ct. 70, 510 A.2d 404 (1986).

In order to set aside a final receipt pursuant to Section 434 of the Act, 77 P.S. §1001, a claimant must prove by sufficient, credible, competent evidence that all disability attributable to any injury had not ceased when the final receipt was executed. *Mellor.* To prevail on a petition for reinstatement of compensation pursuant to Section 413 of the Act, 77 P.S. §772 a claimant must establish that disability has recurred. *Mellor.* The testimony of Claimant and Dr. Ruschak supports the referee's conclusion to set aside the final receipt.

When a final receipt has been set aside, the original compensation agreement automatically revives and restores the parties to the position they would have been in had the receipt never been signed. *Taylor v. Workmen's Compensation Appeal Board (Doylestown Township),* 108 Pa. Commonwealth Ct. 642, 530 A.2d 975 (1987). Therefore, contrary to the assertions of Fireman's Fund, the notice of compensation payable was an existing agreement; and the modification of this agreement based upon the fact Fireman's Fund was the responsible carrier was proper.[5]

The final argument presented by Fireman's Fund is that Aetna should be precluded under the doctrine of equitable estoppel from now challenging a mistake it made in 1984. The Board, however, does not have its roots in equity and although this fact standing alone does not prevent the Board from employing certain equitable principles, its use must be restricted in light of its statutory constraints. *Fahringer* at 603, 529 A.2d at 59.[6] In the matter *sub judice,* the referee concluded

---

[5] Fireman's Fund does not contest that it was Employer's insurer at the time of the original injury on May 18, 1984.

[6] The courts have recognized the principle of unjust enrichment in workmen's compensation law where a claimant has received money to which he was not entitled, based upon the fact the Act does not authorize double recovery. *See Fahringer* at 601, 529 A.2d at 58.

that Fireman's Fund was the insurer of Employer at the time of the original injury in May 1984; therefore, he was clearly within his authority pursuant to Section 413 of the Act to modify or correct the notice of compensation payable.

Accordingly, for the reasons set forth herein, we will affirm the Board.

### ORDER

AND NOW, this 9th day of June, 1988, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.