595 A.2d 213

**SUNSET GOLF COURSE and Pacific Employer's
Insurance Company, Petitioners,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (DEPART-
MENT of PUBLIC WELFARE), (the State Workmen's In-
surance Fund), (Golden), Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 2, 1991.

Decided July 8, 1991.

104

Paul J. Dellasega, for petitioners.

Richard F. Faux, for respondent.

Before PALLADINO and McGINLEY, JJ., and NARICK, Senior Judge.

PALLADINO, Judge.

Sunset Golf Course (Sunset) and its insurer, Pacific Employer's Insurance Company (PEIC) (collectively, Petitioners), appeal an order of the Workmen's Compensation Appeal Board (Board) which substituted Petitioners for the Pennsylvania Department of Public Welfare (DPW) and its insurer, the State Workmen's Insurance Fund (SWIF) (collectively, Respondents), as the responsible employer and insurer for the specific loss claim of Lloyd Golden (Claimant).

Claimant was a participant in DPW's Community Work Experience Project and was assigned to work as a laborer for Sunset. In May, 1984, Claimant suffered injuries to his upper extremities as a result of a golf cart accident while Claimant was in the course of his employment. In June, 1985, Claimant and DPW entered into a compensation agreement and SWIF paid Claimant total disability benefits.

In September, 1986, Claimant filed a claim petition alleging that his prior injuries resulted in a specific loss of functional use of his left arm and right hand. DPW filed a petition to review the compensation agreement pursuant to section 413 of The Pennsylvania Workmen's Compensation Act, (Act) Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 771, and a petition to join Petitioners, alleging that Petitioners were the actual employer and insurance carrier at the time of Claimant's injury. After a hearing on DPW's petitions, a referee dismissed Sunset from all further proceedings, holding that Respondents knew all relevant facts when they entered into the compensation agreement with Claimant and could not now transfer liability to Petitioners.

Respondents appealed and the Board reversed and remanded to the referee, with instructions to permit joinder of Petitioners. A referee held hearings and ruled that Claimant suffered a specific loss to his right hand [1] and left arm, and denied Respondents' petition for review and joinder. Respondents appealed to the Board. The Board reversed the referee holding that Petitioners and not Respondents were the actual employer and insurance carrier in this case. Petitioners filed this appeal.

Petitioners raise the following issues: [2] 1) whether the Board erred in permitting DPW to assert that it was not Claimant's employer after it accepted liability more than a year earlier; 2) whether the Board erred in finding that Sunset was Claimant's employer; and 3) whether the Board violated Petitioners' right to due process.

Section 413 of the Act, 77 P.S. § 771, states as follows:

A referee of the department may, at any time, review and modify or set aside a notice of compensation payable and an original or supplemental agreement or upon petition filed by either party with the department, or in the course of the proceedings under any petition pending before such referee, if it be proved that such notice of compensation payable or agreement was in any material respect incorrect.

Petitioners argue that Respondents waited for more than a year before entering into the compensation agreement with Claimant and that all the evidence they now rely upon for modification of the agreement was available to them at the time they entered into the agreement. Petitioners argue that, under *Beissel v. Workmen's Compensation Appeal Board (John Wanamaker, Inc.)*, 502 Pa. 178, 465 A.2d 969 (1983), Respondents cannot now deny that they

---

1. DPW did not contest Claimant's allegation that he has lost the use of his right hand. Referee's finding of Fact 7, November 22, 1988.

2. Our scope of review of an order of the Board is limited to a determination of whether constitutional rights were violated, an error of law was committed, or whether findings of fact are supported by substantial evidence. *SEPTA v. Workmen's Compensation Appeal Board (Scott)*, 136 Pa.Commonwealth Ct. 98, 582 A.2d 421 (1990).

were the responsible employer and insurer at the time of Claimant's injuries.

In *Beissel,* the claimant and the employer entered a compensation agreement almost two years after claimant allegedly injured her back after a fall at work. Two years after the execution of the agreement, employer filed an petition to terminate benefits, alleging that claimant's back injury was not related to the fall at work. The Supreme Court held that:

> Since [employer] had an opportunity to, and in fact did, investigate the cause of [employee's] disability, the notice of compensation payable it filed constitutes an admission of its liability to [employee] for compensation for a lower back injury. [Employer] may not now, under the guise of a termination petition, come into court and ... contradict that which it admitted in its notice of compensation payable....

*Beissel,* 502 Pa. at 183, 465 A.2d at 971 (1983).

However, the supreme court modified *Beissel* in *Barna v. Workmen's Compensation Appeal Board (Jones & Laughlin Steel Corp.),* 513 Pa. 518, 522 A.2d 22 (1987). In *Barna,* the employer and employee agreed to compensation prior to the employers' investigation regarding the cause of the employee's disability. The supreme court held:

> In short, we cannot ignore the clear provision of [section 413] that compensation may be terminated where it is paid under a notice of compensation which is materially incorrect. The Act imposes upon employers the duty to promptly commence payment of compensation and the cause of an employee's disability may not always be obvious. Where, as here, an employer promptly commences payment of compensation prior to commencement or completion of investigation into the cause of claimant's injuries and later determines that the claimant's disability was never work-related, in the absence of evidence of repeated contests of the cause of the disability such as

occurred in *Beissel*, the employer must be permitted to seek relief.

*Barna*, 513 Pa. at 522–523, 522 A.2d at 24.

■ *Barna* and *Beissel* deal exclusively with relitigation of the question of whether an injury is work-related. In the case before us, there is no dispute that the original injuries suffered by Claimant are work-related. The unresolved question is which entity, DPW or Sunset, was Claimant's employer. Because the cause of the Claimant's disability is not contested, Respondents must be permitted to seek relief under section 413 of the Act.

The decision of the Board in the instant case is consistent with *Swartz v. Workmen's Compensation Appeal Board (Dutch Pantry)*, 117 Pa.Commonwealth Ct. 47, 543 A.2d 201 (1988). In *Swartz*, Aetna Insurance Company paid compensation benefits to an employee pursuant to a compensation agreement, which payments concluded with the signing of a final receipt. Nearly a year and one-half later, the employee sought reinstatement of the compensation agreement. In response, Aetna filed a petition to review the compensation agreement, asserting that Fireman's Fund was the employer's insurance carrier at the time of the employee's original injury rather than Aetna, which had entered into the original compensation agreement. In *Swartz* the Board held that the wrong insurance carrier paid the original claim and substituted Fireman's Fund as the responsible insurance carrier. Pursuant to section 413 of the Act, the referee had the authority to modify the existing compensation agreement which was incorrect. Consequently, this court affirmed.

We conclude the instant case is controlled by *Swartz* and that, under section 413 of the Act, the referee had the authority to substitute Petitioners for Respondents.

As to the second issue, Petitioners argue that the Board erred in finding as fact that it was Claimant's employer because the referee made no such finding.

The existence of an employer-employee relationship is a question of law based upon findings of fact. *North Penn Transfer, Inc. v. Workmen's Compensation Appeal Board,* 61 Pa.Commonwealth Ct. 469, 434 A.2d 228 (1981). The existence of an employer-employee relationship must be determined on a case-by-case basis with reference to four basic elements: (1) the right to select the employee; (2) the right and power to remove the employee; (3) the power to direct the manner of performance; and (4) the potential power to control the employee. *Chichester School District v. Workmen's Compensation Appeal Board (Fox and Department of Public Welfare),* 140 Pa.Commonwealth Ct. 224, 592 A.2d 774 (1991). In a workmen's compensation case, the referee is the ultimate finder of fact. *Beebe v. Workmen's Compensation Appeal Board (Bendix Corp.),* 112 Pa.Commonwealth Ct. 578, 535 A.2d 1236 (1988).

The referee's only finding of fact regarding the employment issue is as follows:

11. Defendant, DPW, introduced the testimony of Terrence Kemberling, Londonderry Township Manager and Craig Ford, Acting Director of the Division of Operations for the Bureau of Employment and Training programs. Mr. Kemberling testified that Sunset Golf Course is owned and operated by Londonderry Township. On the form the township prepared to enroll in the Community Work Experience Program (CWEP), the township agreed to provide workers' compensation insurance coverage for all persons assigned to the township. However, CWEP assigned the persons and also paid them.

Referee's decision of November 22, 1988 at 3.

In its opinion the Board held that:

There is not much question Sunset Golf Course is the proper employer of Claimant. The Golf Course had the right to control the daily activity of the Claimant and in addition, there was an agreement signed by the Township with [DPW] which acknowledged the responsibility of the

Township to provide workmen's compensation insurance coverage.

Board opinion of April 30, 1990 at 3.

The referee's scant findings of fact are clearly insufficient to support the Board's conclusion that Sunset was Claimant's employer and are insufficient for this court to perform its appellate function. Consequently, we must remand to the referee for findings of fact on the four elements of an employer-employee relationship set forth in *Chichester.*

■ As to the third issue, Petitioners argue that they were denied due process of law when they were not given the opportunity to fully participate in the proceedings that resulted in the findings that Claimant's injury had resolved into a specific loss. Petitioners argue that they were dismissed from the case and not given the opportunity to cross-examine Claimant regarding the circumstances of his employment. Further, Petitioners assert that mere substitution of them for Respondents results in imposing liability on Petitioners for a specific loss of Claimant's right hand which, as found by the referee, is supported only by a stipulation between Claimant and DPW. Finally, Petitioners assert that Petitioners cannot be held liable for the specific loss of Claimant's left arm because they were not given the opportunity to cross-examine Claimant's medical witness.

Generally, due process prohibits the entry of a judgment unless the parties have been given adequate notice and an opportunity to be heard. *See Department of Transportation, Bureau of Traffic Safety v. Granito,* 46 Pa.Commonwealth 556, 407 A.2d 1371 (1979).

It is clear from the record that, by the time the Board ordered Sunset to be reinstated in this case, DPW and Claimant had already deposed medical witness, entered into a stipulation, and held all necessary hearings on the issue of whether Claimant's original injury had resolved itself into a specific loss. Because Petitioners did not have the opportu-

nity to participate in the hearings on the specific loss issue, we conclude that they were denied due process when the Board substituted them as the responsible employer and insurance carrier. Consequently, we reverse and remand for hearings consistent with this opinion.

## ORDER

AND NOW, July 8, 1991, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is reversed and remanded for proceedings consistent with this opinion. Jurisdiction relinquished.