William Pfeiffer *v.* Gibbons Brewery-Lion, Inc., Zurich Insurance Company, Liberty Mutual Insurance Company and American Mutual Insurance Company. American Mutual Insurance Company, Petitioner.

312

Argued October 4, 1979, before Judges CRUMLISH, JR., DiSALLE and MACPHAIL, sitting as a panel of three.

*Lucille Marsh,* with her *Lawrence M. Ludwig,* and *Henkelman, Kreder, O'Connell and Brooks,* for petitioner.

*John R. Lenahan,* with him *Joseph P. Lenahan,* and *Lenahan, Dempsey, Murphy and Piazza, Joseph R. Thompson, John A. Fitzpatrick, John H. Appleton,* and *Nogi, O'Malley & Harris,* P.C., for respondents.

OPINION BY JUDGE DiSALLE, November 14, 1979:

This is an appeal from an order of the Workmen's Compensation Appeal Board (Board) affirming an award of benefits to William Pfeiffer (Claimant), under The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq. At issue is not Claimant's entitlement to benefits, but rather the identity of the insurance

company that must compensate him. We will affirm the determination of the Board and the referee that Petitioner American Mutual Insurance Company (AMI) is liable.

In September of 1972, Claimant, in the course of his employment with Gibbons Brewery-Lion, Inc. (Employer), suffered lower back and leg injuries when he fell while delivering beer. He received compensation from Zurich Insurance Company, the carrier at the time, until he eventually returned to work. Claimant reinjured himself in October of 1974, again experiencing pain in his lower back and left leg. He received benefits from October 22, 1974, to December 4, 1974, when he resumed employment with Employer.

The injury precipitating the present claim petition occurred on October 23, 1975. Claimant, while lifting himself out of a cellar window following a beer delivery, experienced extreme pain in the same general area as before. He has not worked since October 27, 1975, and it is undisputed that he is totally disabled.

Claimant filed a reinstatement petition on November 10, 1975, which was treated as an original claim petition. The referee found that this last injury constituted a new injury, not a recurrence of an old injury, and assessed liability against AMI, the carrier in 1975. The Board affirmed.

As is usually the situation in workmen's compensation cases, the evidence is conflicting. Two doctors for AMI testified that the 1972 incident was the fundamental cause of the 1975 injury. However, Dr. Anthony Zale, an orthopedic surgeon, diagnosed Claimant as suffering from a congenital defect in the lower back, and concluded that the 1972, 1974 and 1975 injuries all aggravated this pre-existing back problem. Dr. Zale testified clearly and unequivocally that in his opinion Claimant had fully recovered from

the 1972 and 1974 injuries and that the 1975 injury was a new one.

The referee chose to accept the testimony of Dr. Zale. It is well settled that the referee determines the credibility of witnesses and resolves conflicts in testimony. *Workmen's Compensation Appeal Board v. Quick,* 25 Pa. Commonwealth Ct. 203, 359 A.2d 852 (1976). In so doing, he may accept the testimony of one expert while rejecting the contrary testimony of another who is equally qualified. *Workmen's Compensation Appeal Board v. International Furnace Corp.,* 21 Pa. Commonwealth Ct. 390, 345 A.2d 780 (1975). Since substantial evidence exists to support the referee's findings of a new injury rather than a recurrence of an old injury, we will affirm.

## ORDER

AND Now, this 14th day of November, 1979, the order of the Workmen's Compensation Appeal Board, dated March 27, 1978, affirming an award of benefits to William Pfeiffer, is hereby affirmed, and judgment is entered on that award. Gibbons Brewery-Lion, Inc. and/or its insurance carrier, American Mutual Insurance Company is directed to pay Claimant compensation for total disability at the rate of $122.07 per week beginning October 27, 1975, and continuing indefinitely thereafter within the limitations and provisions of The Pennsylvania Workmen's Compensation Act.

Deferred payments shall bear interest at the rate of ten per cent per annum.

Gibbons Brewery and/or American Mutual shall pay Attorney John Appleton, Miller Building, Scranton, Pennsylvania, twenty per cent of the total compensation awarded to Claimant to date, to be deducted from the total amount of compensation due and owing to Claimant to date.

Gibbons Brewery and/or American Mutual is further directed to pay the following medical and hospital bills:

|  |  |
|---|---:|
| Mercy Hospital<br>Jefferson Avenue<br>Scranton, Pa. | $4,960.35 |
| Dr. Samuel R. Todaro<br>One Adams Plaza<br>Scranton, Pa. | 133.00 |
| Dr. Louis R. Murphy<br>802 Jefferson Avenue<br>Scranton, Pa. | 95.00 |
| Northeastern Neurological<br>Assoc., Inc.<br>Scranton Life Building<br>Scranton, Pa. | 55.00 |
| Scranton Artificial Limb Co.<br>319 South Main Street<br>Scranton, Pa. | 163.00 |

and to reimburse the claimant the sum of $294.50 for the medical bills which he paid.