115 Pa. Commonwealth Ct. 203 (1988)
539 A.2d 933
Blue Bell Printing, Petitioner
v.
Workmen's Compensation Appeal Board (Montgomery Publishing Company and Lattanzi), Respondents.
No. 1635 C.D. 1987.
Commonwealth Court of Pennsylvania.
Submitted on briefs January 27, 1988.
April 5, 1988.
*204 Submitted on briefs January 27, 1988, to Judges BARRY, SMITH, and Senior Judge NARICK, sitting as a panel of three.
Gary C. Bender, Cramp, D'Iorio, McConchie & Forbes, for petitioner.
Martin J. Fallon, with him, Helen J. Novak, Swartz, Campbell & Detweiler, for respondent.
OPINION BY SENIOR JUDGE NARICK, April 5, 1988:
This is an appeal by Blue Bell Printing Company (Blue Bell) from a decision of the Workmen's Compensation Appeal Board (Board) affirming a referee's decision which concluded that Thomas C. Lattanzi (Claimant) suffered an aggravation of a pre-existing condition during the course of his employment with Blue Bell rather than a recurrence of a prior work-related injury.
*205 The essential facts in this matter are as follows. On May 29, 1981, Claimant originally received compensation for a back injury while employed by Montgomery Publishing Company (Montgomery). On December 23, 1981, Claimant signed a final receipt indicating he was completely recovered from his May 29, 1981 work injury. In February 1982, Claimant commenced working for Blue Bell, but worked for a little more than one week because of back problems. On February 14, 1982, Claimant was admitted to Bryn Mawr Hospital for tests and on June 21, 1982, Claimant was readmitted to the hospital for back surgery. On or about April 21, 1982, Claimant filed a Petition to Set Aside Final Receipt which he had signed regarding his work injury with Montgomery. On or about May 27, 1982, Montgomery filed a petition to join Blue Bell as an additional employer asserting that Claimant's alleged back condition was aggravated and exacerbated by his employment with Blue Bell.
The referee concluded that Claimant sustained a work-related injury while in the course of his employment with Blue Bell and was entitled to compensation beginning February 17, 1982 up to and including November 7, 1982; that Claimant failed to prove that his work-related disability of May 25, 1981 had not in fact ceased and terminated; and that Claimant had properly satisfied the notice provisions of Section 311 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §631. The Board affirmed the referee and this appeal followed.
Blue Bell raises the same issues on appeal to this Court as it did in its appeal to the Board: (1) the referee erred in finding that Claimant suffered an aggravation of a pre-existing condition during the course of his employment with Blue Bell rather than a recurrence of a prior work-related injury; (2) the referee erred in finding that *206 the notice provisions of Section 311 of the Act were satisfied; (3) the referee erred in treating Montgomery's petition for joinder as a claim petition; and (4) the Claimant should be barred from recovery because he willfully and intentionally misrepresented his physical condition on his employment application with Blue Bell.
Initially we note that in reviewing a decision of the Board, our scope of review is a narrow one, limited to a determination of whether there has been a constitutional violation, or an error of law and whether the necessary findings of facts are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; Kirkwood v. Unemployment Compensation Board of Review, 106 Pa. Commonwealth Ct. 92, 525 A.2d 841 (1987).
The only medical testimony presented to the referee was the deposition testimonies of Dr. Samuel S. Lyness, Claimant's treating physician. The depositions of Dr. Lyness were taken on July 22, 1982 and October 11, 1983. Our comprehensive review of the record reveals that the testimony of Dr. Lyness upon which the referee clearly based his findings can be summarized as follows: Claimant had fully recovered from his May 29, 1981 work-related injury in June 1981; that Dr. Lyness did treat Claimant in December 1981 for back problems he experienced after he went deer hunting; that Claimant had completely recovered from any back problems resulting from the deer hunting incident as of the doctor's examination of Claimant on January 6, 1982; and that Claimant's February, 1982 hospitalization and subsequent problems including his June 1982 operation were a result of his work at Blue Bell which aggravated his pre-existing condition.
In workmen's compensation proceedings, when no additional evidence is received by the Board, the referee is the ultimate fact-finder, Universal Cyclops Steel Corp. v. Krawczynski, 9 Pa. Commonwealth Ct. 176, *207 305 A.2d 757 (1973). Whether a disability results from an aggravation of a pre-existing condition (a new injury) or is a recurrence of a prior work-related injury is a question of fact to be determined by the referee. Lackawanna Refuse and United States Fidelity and Guaranty Co. v. Workmen's Compensation Appeal Board (Christiano), 74 Pa. Commonwealth Ct. 286, 459 A.2d 899 (1983). The referee may reject any testimony including medical testimony in whole or in part. Kraemer v. Workmen's Compensation Appeal Board (Perkiomen Valley School District), 82 Pa. Commonwealth Ct. 469, 474 A.2d 1236 (1984); Copperweld Corp. v. Workmen's Compensation Appeal Board (Smith), 73 Pa. Commonwealth Ct. 478, 458 A.2d 651 (1983). Unequivocal medical evidence is not rendered equivocal merely because of an inconsistent statement rendered during cross-examination. Copperweld. The rationalization of a witness' testimony and the acceptance of those portions thereof on which to make findings and an award is the province of the referee, and is not a review prerogative of this Court. Long Service Co., Inc. v. Workmen's Compensation Appeal Board (Schell), 99 Pa. Commonwealth Ct. 112, 512 A.2d 1322 (1986).[1] Finding that Dr. Lyness's testimony supports the Board's affirmation of the referee's decision, we will affirm.
Regarding the second issue raised by Blue Bell, whether an employer receives notice of an injury pursuant to Section 311 of the Act is a question of fact for the referee. Long v. Workmen's Compensation Appeal Board (Anchor Container Corp.), 95 Pa. Commonwealth Ct. 242, 505 A.2d 369 (1986). We find that Claimant's testimony that he advised Mr. Casper, owner *208 of Blue Bell, that his employment at Blue Bell, which was for a period of a little more than one week, aggravated his back condition, and that he would be unable to work because of his back condition, to be substantial evidence supportive of the referee's findings which were affirmed by the Board. Therefore, we must also hold that the notice provisions of Section 311 of the Act have been satisfied.
Blue Bell next asserts that the referee and the Board erred in treating Montgomery's petition for joinder as a claim petition. It is provided in 34 Pa. Code §131.25 that: "Any party desiring to join another defendant to assert any claim relevant to the pending petition may do so as a matter of right by filing a petition for joinder." (Emphasis added.) Also, 34 Pa. Code §131.28 provides that: "After joinder, the original petition shall be deemed amended to assert any claim of the claimant against the additional defendant. The additional defendant shall be liable to any other party as the referee shall order in his final decision." (Emphasis added.) In workmen's compensation matters, the form of a petition filed is not controlling where the facts warrant relief for a claimant. Pittsburgh Press Co. v. Workmen's Compensation Appeal Board (Pecora), 82 Pa. Commonwealth Ct. 538, 475 A.2d 972 (1984). Thus, it was not improper for the referee to treat Montgomery's petition for joinder as a claim petition.
The last issue presented for our resolution is whether Claimant's actions in misrepresenting or failing to disclose information on his job application of his prior back injury should bar Claimant from recovery under the Act. More specifically, Claimant's employment application with Blue Bell which was admitted into evidence discloses that in response to a request to "LIST ANY PHYSICAL DEFECTS", Claimant wrote "none" and after the question "Were you ever injured?", Claimant *209 left the space blank. Neither the referee nor the Board addressed this issue. We note that nowhere in the Act does it provide, nor has our research uncovered any cases which would indicate that an employee's misrepresentation of or failure to disclose a physical condition on an employment application is a defense available to an employer in workmen's compensation proceedings. Our Supreme Court recently stated in Pawlosky v. Workmen's Compensation Appeal Board (Latrobe Brewing Co.), 514 Pa. 450, 458-60, 525 A.2d 1204, 1209-10 (1987) "that an employer takes an employee as he comes" and "that, in determining whether an employee has suffered a compensable injury his previous condition is of no consequence". We believe our holding here is in accordance with the purposes of the Act. See Krawchuk v. Philadelphia Electric Co., 497 Pa. 115, 120, 439 A.2d 627, 630 (1981).[2] In that Blue Bell's argument here is not a defense available to an employer under the Act, the requested relief must be denied.
Accordingly, for the reasons set forth herein, we will affirm the decision of the Board. We further hold that Blue Bell's argument that Claimant is barred from relief under the Act because he failed to disclose information requested of him on his employment application is not a defense available to an employer under the Act.

ORDER
AND NOW, this 5th day of April, 1988, the decision of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.
NOTES
[1] At his first deposition, Dr. Lyness testified on cross-examination that Claimant's injury was a recurrence of his prior work-related injury. During his second deposition, when asked by counsel for Blue Bell whether this was his previous testimony, Dr. Lyness indicated that it was.
[2] It is well settled that the Act which is remedial in nature and intended to benefit Pennsylvania workers must be liberally construed to effectuate its humanitarian purposes.