**RELIABLE FOODS, INC., Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (HORROCKS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted March 17, 1995.

Decided June 2, 1995.

Matthew D. Dempsey, for petitioner.

Cal A. Leventhal, for respondent.

Before PELLEGRINI and FRIEDMAN, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Reliable Foods, Inc. (Employer) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) affirming the decision of a workers' compensation judge (WCJ) which granted the reinstate-

ment petition and the claim petition filed by David M. Horrocks (Claimant). We affirm.

In May of 1989, Claimant sustained an injury to his lower back while in the employ of B–Dry Systems. Claimant received compensation for total disability from B–Dry Systems from May, 1989 through December, 1989.[1]

On May 7, 1991, Claimant filed a reinstatement petition against B–Dry Systems alleging that on February 21, 1991, he suffered a recurrence of his May, 1989 back injury. B–Dry Systems filed an answer denying the allegations in the reinstatement petition,[2] contending that Claimant had sustained a new injury, not a recurrence.

On June 24, 1991, Claimant filed a claim petition against Employer alleging that he was totally disabled due to a work related injury to his back on June 14, 1991. Employer filed an answer denying the allegations in the claim petition and, on September 26, 1991, filed a petition to join B–Dry Systems as an additional defendant; Employer alleged that Claimant's disability, if any, is directly related to the injury sustained in May of 1989.

The three petitions were consolidated for hearing purposes before the WCJ. Claimant testified in his own behalf and presented the testimony of Eugene J. Roe, M.D., his family physician. Employer presented the testimony of Anthony G. Zale, M.D., an orthopedic surgeon who examined Claimant on April 6, 1992, and two employees. B–Dry Systems presented the testimony of Samuel R. Todaro, M.D., a board certified orthopedic surgeon who has treated Claimant since September 24, 1991.

Claimant testified that he first injured his lower back in May, 1989, while employed by B–Dry Systems. He was treated by Dr. Roe for pain in his lower back and leg and, although he was released for work, he continued to have pain. In August, 1990, Claimant was hired as a truck driver for Employer.[3]

His duties included loading and unloading food products and making deliveries in refrigerated trucks. Still having pain, Claimant would rest his back during breaks at work. In January, 1991, Claimant transferred to a position as an order picker, which involved packing and loading products for delivery; when needed, Claimant would fill in as a truck driver.

On February 21, 1991, Claimant picked up a box weighing between sixty and eighty pounds and experienced a sharp pain in his back. Claimant was taken to the emergency room and returned to Dr. Roe for treatment. Claimant was absent from work from February 22, 1991 through May 23, 1991. Claimant stated that, from May, 1989 through May, 1991, there was never a time when he was completely symptom free, without pain and muscle spasms.

Claimant returned to work on May 24, 1991, although he continued to have pain. On June 14, 1991, Claimant was making deliveries in Employer's truck and was involved in a motor vehicle accident. Claimant was discharged by Employer following the accident, his third since August, 1990, and has not returned to work.

On June 24, 1991, Claimant again sought treatment with Dr. Roe for pain in his lower back and leg. Dr. Roe subsequently referred Claimant to Dr. Todaro. Claimant testified that he continues to have pain and muscle spasms, that his pain is the same pain and is in the same place (lower back and leg) as it had been in the past, and that he has not been released for work by either Dr. Roe or Dr. Todaro.

Dr. Roe testified that he first saw Claimant following his injury of May, 1989. Claimant was experiencing a problem with his lower back which Dr. Roe diagnosed as an acute sprain. Claimant returned to Dr. Roe in January, 1990, complaining that he had awakened with back pain, although there was no precipitating event which caused the pain.

---

1. The record indicates that Claimant's compensation terminated by way of a final receipt, although that document is not part of the record.

2. Neither document is contained in the certified record.

3. Claimant testified that, following the termination of his workmen's compensation benefits in December of 1989, he had received unemployment compensation until August, 1990.

Dr. Roe testified that Claimant returned again on February 28, 1991; at that time Dr. Roe diagnosed Claimant as having an acute lumbar sprain. Dr. Roe stated that Claimant had an unstable back and had suffered a recrudescence of his symptoms[4] or a re-injury to his back caused by an incident at work. Dr. Roe released Claimant for work on May 23, 1991.

Dr. Roe saw Claimant again on June 24, 1991, following his automobile accident on June 14th. He again diagnosed Claimant as having a sprain of the lower back. Dr. Roe stated that Claimant had been functional and unrestricted prior to the accident and opined that the accident of June 14th was a substantial contributing factor to Claimant's disability for the period from June 24, 1991 through September 5, 1991.

Dr. Roe described Claimant as a patient with an unstable back with which he had recurring problems and stated that heavy work can cause an increase in symptoms and pain. Dr. Roe saw "each event [as] an isolated event on a continuum, a background of somebody who very easily had his back hurt." (N.T. 39). Dr. Roe agreed that each time he saw Claimant for back pain from June of 1989 through June of 1991 it was always in the same area, it was always rigidity of the spine and he always had the same type of findings. He repeated, however, that he perceived each back problem after the incident of 1989 to be a separate event.

Dr. Todaro testified that he first saw Claimant on September 24, 1991. Dr. Todaro stated that Claimant had a condition of weakening or partial disc rupture which was initiated by his injury of 1989 and which was aggravated and progressed by his successive injuries. He opined that the accident of June 14, 1991 was a significant aggravation of a pre-existing weakened disc, although he acknowledged that there was no change indicated by x-rays taken in October 1991.

Dr. Todaro testified that the original injury or damage to Claimant's back occurred in 1989 and that Claimant never fully recovered from that injury. He explained that Claimant had initially ruptured or stretched the ligaments which hold the disc and spinal column in place and that the ligaments would never return to their normal integrity. He stated that each episode further stretched the weakened ligaments and that two discs were now weakened permanently, so that Claimant was only capable of performing light duty work. He also stated that any mild incident would have caused Claimant to have symptoms, but he believed that the incident of June 14th had aggravated Claimant's condition sufficiently to cause his present limitations.

The WCJ found the testimony of Claimant and the testimony and opinions of Dr. Todaro to be more credible and convincing than the other testimony and evidence presented. The WCJ also accepted as credible the testimony of Dr. Roe concerning the incident of February, 1991 and Claimant's resulting disability up to the time of Claimant's automobile accident in June, 1991.

Based on these credibility determinations, the WCJ found that on February 21, 1991, Claimant suffered a recurrence of his prior May, 1989 work injury and granted Claimant's reinstatement petition; the WCJ found that Claimant was totally disabled from February 22, 1991 through May 23, 1991 and ordered B–Dry Systems to pay compensation to Claimant for that period at the rate of $240.00 per week.[5] The WCJ determined that payments should be modified to partial disability as of May 24, 1991, when Claimant returned to work with a loss of earnings and a residual disability; the WCJ awarded Claimant compensation at the rate of $60.20 per week from that date.[6]

The WCJ further found that Claimant suffered a new injury on June 14, 1991 in the nature of an aggravation of his pre-existing

4. A recrudescence is a resumption of a morbid process or its symptoms after a period of remission. Stedman's Medical Dictionary 1330 (25th ed. 1993).

5. In May 1989, Claimant's average weekly wage at B–Dry Systems was $360.00.

6. Claimant's weekly wage with Employer as of June 14, 1991 was $269.70. Pursuant to Section 306(b) of the Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 512, payments for partial disability continue for a maximum of 500 weeks.

back injury; the WCJ found that Claimant was totally disabled from this injury and ordered Employer to pay compensation to Claimant for temporary total disability at the rate of $218.00 per week for the period from June 14, 1991 and continuing indefinitely.

B–Dry Systems and Employer appealed to the Board, each asserting that the WCJ's findings were not supported by substantial evidence. In addition, both defendants appealed from the WCJ's award of contemporaneous partial and total disability benefits. The Board affirmed, concluding that the evidence of record supported the WCJ's findings that Claimant sustained a recurrence of his May, 1989 injury on February 21, 1991 and subsequently sustained an aggravation of his prior injury on June 14, 1991. The Board further concluded that the WCJ did not err in awarding Claimant compensation for these two distinct injuries.

On appeal to this Court,[7] Employer again argues that the WCJ's finding that Claimant suffered a new injury on June 14, 1991 is not supported by substantial evidence and that the WCJ committed an error of law in awarding Claimant compensation for both partial and total disability.[8]

■ Employer maintains that Claimant stopped working because he was discharged on June 14, 1991, following his third automobile accident. Employer also argues that Claimant's disability following the accident was a recurrence of his 1989 injury, rather than a new injury.[9]

■ Whether a disability results from an aggravation of a pre-existing condition or is a recurrence of a prior injury is a question of fact to be determined by the WCJ. *Galbreath v. Workmen's Compensation Appeal*

*Board (Gordon),* 156 Pa.Commonwealth Ct. 378, 627 A.2d 287 (1993), *petition for allowance of appeal denied,* 537 Pa. 643, 644 A.2d 165 (1994). Where the findings of fact made by the WCJ are based upon substantial evidence, i.e., evidence which a reasonable mind might accept as adequate to support the conclusion reached, this Court is precluded from disturbing those findings, even if contrary evidence is presented. *Kelly v. Workmen's Compensation Appeal Board (Pepsi Cola Bottling Co. of Philadelphia),* 166 Pa.Commonwealth Ct. 618, 647 A.2d 275, *petition for allowance of appeal denied,* 539 Pa. 693, 653 A.2d 1231 (1994).

■ Employer asserts that Dr. Todaro's testimony does not constitute substantial evidence to support the finding that Claimant suffered an aggravation of a pre-existing condition on June 14, 1991, rather than a recurrence of his prior disability. If the sequence of events is not sufficient to establish the fact that current disability is obviously an aggravation of a prior injury or is a recurrence of disability resulting from the prior injury, unequivocal medical testimony is essential. *Zinc Corp. of America.* While the Board relied upon Dr. Todaro's testimony that the incident of June 14th was a very significant aggravation of a pre-existing weakened disc, Employer cites testimony by Dr. Todaro that, no matter what event occurred, any mild incident could cause Claimant to have symptoms. Employer maintains that, when read in its entirety, the doctor's testimony does not support the WCJ's finding.

■ One problem with cases such as this is that the terms "recurrence of a prior injury" and "aggravation of a pre-existing condition" are legal terms of art and not medical terms. The final determination, therefore, is

---

7. Our scope of review in a workmen's compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. *Pokita v. Workmen's Compensation Appeal Board (U.S. Air),* 163 Pa.Commonwealth Ct. 97, 639 A.2d 1310 (1994).

8. B-Dry Systems did not appeal from the Board's order.

9. Under workers' compensation law, an aggravation of a prior injury is regarded as a new injury for which the employer/insurer at the time the aggravation occurred is responsible for compensation, while a recurrence of an injury is related to the prior injury so that the employer/insurer at the time of the prior injury is responsible for compensation. *Zinc Corp. of America v. Workmen's Compensation Appeal Board (Byers),* 145 Pa.Commonwealth Ct. 221, 603 A.2d 218, *petition for allowance of appeal denied,* 531 Pa. 659, 613 A.2d 563 (1992).

not based upon specific words used by the doctor, but rather upon a careful review of the medical testimony to determine its substance rather than its form. *See Blue Bell Printing v. Workmen's Compensation Appeal Board (Montgomery Publishing Co.),* 115 Pa.Commonwealth Ct. 203, 539 A.2d 933 (1988).

In some cases the courts have upheld decisions relying upon evidence that the prior disability had or had not completely ceased. *See Pfeiffer v. Gibbons Brewery–Lion, Inc.,* 47 Pa.Commonwealth Ct. 311, 407 A.2d 1377 (1979), affirming that the disability caused by pain in the claimant's lower back and leg after the claimant lifted himself out of a cellar window was an aggravation of a pre-existing condition, where the referee accepted a doctor's testimony that the claimant had fully recovered from prior injuries and rejected contradictory testimony; *Blue Bell Printing,* upholding a referee's finding that the claimant had suffered an aggravation of a pre-existing back condition, based on testimony that the claimant had fully recovered from a prior back injury and without reference to an intervening incident; *Temple University v. Workmen's Compensation Appeal Board (Insurance Co. of North America),* 138 Pa.Commonwealth Ct. 394, 588 A.2d 63 (1991), affirming that two subsequent exposures to chemicals merely exacerbated the claimant's symptoms and constituted a recurrence of her prior disability, where the evidence reflected that the claimant never fully recovered from the disability resulting from an initial exposure; and *Smith v. Workmen's Compensation Appeal Board (Caton),* 146 Pa.Commonwealth Ct. 495, 606 A.2d 599 (1992), affirming the decision that the claimant suffered a recurrence of a prior back injury while lifting boxes, based on evidence that the claimant had never fully recovered from the prior injury and that the subsequent incident merely caused the symptoms of the claimant's prior injury to recur.

In other cases, however, the focus has been on the significance of the subsequent event. In *City of Williamsport v. Workmen's Compensation Appeal Board,* 55 Pa.Commonwealth Ct. 618, 423 A.2d 817 (1980), the claimant initially sustained an in-

jury to his shoulder while driving a bus for his employer. After receiving compensation for total disability and a subsequent recurrence of disability, the claimant signed a final receipt and returned to work. The very next day, the claimant experienced severe pain in his shoulder after grabbing a steering wheel. The court, noting the doctor's opinion that the later incident did not change in any way the claimant's underlying disease, adopted the reasoning set forth in *United Industrial Maintenance v. Workmen's Compensation Appeal Board,* 46 Pa.Commonwealth Ct. 156, 405 A.2d 1360 (1979), and held that:

> [I]f a compensable disability results directly from a prior injury but manifests itself on the occasion of an intervening incident which does not *contribute materially to the disability,* then the intervening incident does not create a separately compensable injury for purposes of a contest between two insurance carriers.... [W]hether or not the intervening incident caused or contributed to the disability is a question of fact to be determined by the fact-finder.

*City of Williamsport,* 55 Pa.Commonwealth Ct. at 621–22, 423 A.2d at 818 (emphasis added) (citations omitted).

The court followed this reasoning in *Ingersoll Rand Co. v. Workmen's Compensation Appeal Board,* 62 Pa.Commonwealth Ct. 507, 437 A.2d 94 (1981) and in *Lawrence v. Workmen's Compensation Appeal Board (Commercial Lovelace Motor Freight, Inc./Banner Industries),* 125 Pa.Commonwealth Ct. 701, 559 A.2d 67 (1989), *petitions for allowance of appeal denied,* 524 Pa. 631, 574 A.2d 72 (1990). In *Lawrence,* the referee accepted testimony that the claimant's physical impairment was directly attributable to a prior injury. The *Lawrence* court stated that whether an intervening incident creates a separate and compensable injury depends on whether or not the intervening incident "contributes materially to the disability." *Id.* at 708, 559 A.2d at 71. *See also Refiners Transport and Terminal v. Workmen's Compensation Appeal Board (Harris),* 159 Pa.Commonwealth Ct. 48, 632 A.2d 979 (1993) (citing *Lawrence* ).

The present case is not the first wherein the evidence accepted by the fact finder

could support a finding of *either* a recurrence or an aggravation, depending on the reasoning applied. For example, in *Swartz v. Workmen's Compensation Appeal Board (Dutch Pantry Restaurant)*, 117 Pa.Commonwealth Ct. 47, 543 A.2d 201 (1988), *petitions for allowance of appeal denied*, 522 Pa. 580, 559 A.2d 40 and 522 Pa. 581, 559 A.2d 41 (1989), the claimant was initially injured in May of 1984 by a chemical burn to her hands, incurring a skin infection and dermatitis. After signing a final receipt, the claimant returned to work with restrictions not to use chemical solutions. The claimant subsequently utilized a chemical detergent at work and suffered a severe breakout of dermatitis. The referee determined that the claimant's disability was a recurrence rather than a new injury, based upon a doctor's testimony that the claimant's initial injury was an exacerbation of hand dermatitis and that the claimant had subsequently suffered a second exacerbation of hand dermatitis in September of 1985.

Without reference to the referee's reasoning, which is not clear from the opinion, the *Swartz* court held that the referee's findings were supported by substantial evidence, having earlier explained that "[t]he rationalization of a witness' testimony and the acceptance of those portions thereof on which to make findings and an award is the province of the referee, and is not a review prerogative of this Court." *Id.* at 52, 543 A.2d at 204.

■ Similarly, in the present case, the testimony of Dr. Todaro, upon which the WCJ relied for his pertinent findings, includes the opinions that Claimant never fully recovered from his May, 1989 injury and *also* that Claimant suffered a significant aggravation of a pre-existing condition on June 14, 1991. While the WCJ's reasons are not made clear, it was the WCJ's prerogative to determine the weight to be given to this testimony as well as to any portions of this testimony, in order to determine which employer was responsible for compensation. *Id.* Moreover, the WCJ's finding that Claimant's total disability results from an aggravation of a pre-existing condition does not evidence reasoning which conflicts with that accepted by this

Court. Finally, "although we might have found differently, had we been the fact-finder, we cannot say that [Dr. Todaro's] testimony did not constitute evidence which a reasonable mind *might* accept to support the conclusion reached." *Lackawanna Refuse v. Workmen's Compensation Appeal Board (Christiano)*, 74 Pa Commonwealth Ct. 286, 289, 459 A.2d 899, 900–01 (1983) (emphasis in original) (holding that the referee's determination of whether disability results from an aggravation or a recurrence will not be disturbed on appeal if supported by substantial evidence, even where conflicting evidence is presented).

Accordingly, we affirm the WCJ's finding that Claimant's total disability results from an aggravation of a pre-existing condition.

Employer's second argument is that Claimant is not entitled to receive contemporaneous awards for both a recurrence and a new injury, particularly as both awards involve injuries to the same part of the body. We do not, of course, hold that Claimant is unable to return to his pre-injury job because he is partially disabled due to a recurrence of a prior back injury *and* because he is totally disabled due to a new back injury.

■ For purposes of receiving workmen's compensation, the term "disability" is synonymous with "loss of earning power." *Varghese v. Workmen's Compensation Appeal Board (M. Cardone Industries)*, 132 Pa.Commonwealth Ct. 482, 573 A.2d 630, *petition for allowance of appeal denied*, 527 Pa. 659, 593 A.2d 429 (1990). The benefit rate for partial disability is based in part upon the difference between a claimant's pre-injury wages and the claimant's earning power after the injury. Here, Claimant's award of partial disability is based upon the difference between his pre-injury wages while employed at B–Dry Systems and his wages upon his return to work with Employer. We note that B–Dry Systems has not appealed from the Board's order and Employer does not argue that Claimant was not entitled to an award for the difference in wages; thus, we are precluded from reviewing this portion of the WCJ's decision.

Accepting the unchallenged determination that Claimant was entitled to compensation for partial disability following his return to work on May 24, 1991, and having affirmed the WCJ's finding that Claimant is totally disabled as a result of a new injury on June 14, 1991, the narrow question before us is whether Claimant is entitled to receive compensation for these separate injuries concurrently.

We have previously held that there is no proscription on the receipt of simultaneous compensation entitlements where the total weekly compensation does not exceed the statutory maximum. *Tomlinson v. Workmen's Compensation Appeal Board (J. Baker, Inc.)*, 167 Pa.Commonwealth Ct. 329, 648 A.2d 96 (1994) (imposing credit to employer only for the amount of combined compensation benefits that exceeded the statutory maximum). The *Tomlinson* court noted that such a result is consistent with the 1993 amendments to the Act.[10]

This issue was addressed by our Court in *Yeager v. Workmen's Compensation Appeal Board (Schneider, Inc.)*, —— Pa.Commonwealth Ct. ——, ——, n. 14, 657 A.2d 1372, 1378, n. 14 (1995) wherein the court stated as follows:

> We note that at first glance it may appear theoretically impossible for a claimant to receive both total disability benefits and partial disability benefits *at the same time*, because a claimant may not be *totally* disabled in the *first* instance and therefore incapable of performing any work and partially disabled, and therefore capable of performing some work, at the very same time. However, when the *first* injury is only a partial disability, it is presumed that the claimant is incapable of earning only his or her pre-injury wage (otherwise a suspension is ordered) and capable of returning to the workforce but with a *reduced* earning capacity. Therefore, when calculating *benefits*, it is logically sound to allow a claimant to receive both, so long as the maximum rate is not exceeded, be-

cause, had it not been for the claimant's first partial disability, he or she would have been receiving a higher wage when the claimant was subsequently totally disabled. Benefits should be capped only at the maximum permissible rate. (Emphasis in original.)

The WCJ did not err in awarding Claimant simultaneous compensation for both partial and total disability.

Accordingly, the order of the Board is affirmed.

### ORDER

NOW, June 2, 1995, the order of the Workmen's Compensation Appeal Board, dated October 25, 1994, at A93–3541, is affirmed.

■

10. Section 322 of the Act, added by the Act of July 2, 1993, P.L. 190, No. 44, 77 P.S. § 677, provides that it is unlawful for an employee receiving compensation under the Act simulta-

neously from two or more employers during any period of total disability to receive total compensation in excess of the statutory maximum.