**SKF USA, INC., Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (SMALLS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 17, 1997.

Decided Feb. 17, 1999.

---

Jonathan F. Ball, Philadelphia, for petitioner.

Picard Losier, Philadelphia, for respondent.

Before COLINS, President Judge, LEADBETTER, J., and JIULIANTE, Senior Judge.

LEADBETTER, Judge.

SKF USA, Inc. petitions for review of an order of the Workers' Compensation Appeal Board that reversed the decision and order of a Workers' Compensation Judge (WCJ) denying the claim petition of Thomas Smalls.

In 1980, while employed by SKF, claimant sustained an injury to his left hand, which resulted in the amputation of two of his fingers and six additional surgeries. SKF accepted the injury as compensable and began paying benefits to claimant. Claimant eventually returned to work and continues to receive partial disability benefits. In early 1990, claimant began having problems with his right hand, which his physician, Dr. Jaeger, ultimately diagnosed as carpal tunnel syndrome. Claimant alleges that on February 3, 1990, he was working at SKF when a machine's grinding wheel exploded, causing cuts and bruising on his hands, arms and face. Subsequently, claimant's right hand cramped into a claw and, on February 8, 1990, he received emergency medical treatment from Dr. Jaeger. Claimant underwent carpal tunnel surgery on his right hand on February 14, 1990.

Thereafter, claimant filed a claim petition in which he alleged that on February 3, 1990, he aggravated and injured both of his hands and that the injury to his right hand was an aggravation of a previous work-related injury. At the hearing before the WCJ, claimant testified and presented the deposition testimony of a psychiatrist. SKF presented the deposition testimony of Dr. Jaeger and of a psychiatrist. The WCJ found that Dr. Jaeger credibly testified that claimant developed carpal tunnel syndrome in his right hand in

the early part of 1990, and that it was caused by the overuse of his right hand, which was necessitated by the disability of his left hand. The WCJ also found that claimant's testimony as to the February 3, 1990 grinding wheel accident was not credible. Accordingly, the WCJ concluded that claimant did not meet his burden of establishing a new incident in February 1990, and that he was not entitled to receive benefits because the carpal tunnel syndrome in his right hand was a "direct result" of the 1980 injury to claimant's left hand, for which he was already receiving benefits. Claimant appealed and the Board reversed, concluding that the WCJ's findings of fact did not support his conclusion that claimant suffered a recurrence of his 1980 injury. Rather, the Board concluded that an aggravation of a pre-existing condition or a new injury occurred in 1990 and remanded the case to the WCJ for entry of "an appropriate award." SKF now appeals.

On appeal, SKF contends that: (1) the Board committed an error of law by substituting itself for the WCJ as the finder of fact and disregarding the WCJ's finding that claimant's disability is a recurrence of his 1980 injury; (2) the WCJ's finding that claimant's disability is a recurrence of his 1980 injury is supported by substantial evidence; and (3) claimant failed to meet his burden of proof. After review,[1] we affirm.

■ As a threshold matter, claimant asserts that SKF's petition is not properly before this court since the Board's order remands the case to the WCJ and is, therefore, interlocutory. While a remand order is generally interlocutory in nature, an order directing an administrative remand is appealable as of right where the remanded matter does not require the exercise of administrative discretion. Pa. R.A.P. 311(f). Here, the Board remanded to the WCJ for entry of an "appropriate award." This court has concluded that the computation of benefits on remand does not require the exercise of administrative discretion, and as a result, remand orders directing such computation are appealable. *See P.R. Hoffman Materials v. Workmen's Compensation Appeal Bd. (Zeigler)*, 694 A.2d 358, 360 n. 3 (Pa.Cmwlth.1997); *Jeannette Dist. Memorial Hosp. v. Workmen's Compensation Appeal Bd. (Mesich)*, 668 A.2d 249, 251 (Pa.Cmwlth.1995), *alloc. denied*, 544 Pa. 671, 677 A.2d 841 (1996). Accordingly, SKF's appeal is properly before us.

■ Turning to the merits, however, we agree with the Board that the WCJ's factual findings are correct, but that he erred as a matter of law. Our courts have utilized the phrase "aggravation of a pre-existing condition" to denote a new work-related injury, as opposed to a "recurrence of a prior injury," which denotes an injury directly related to a prior injury. *Reliable Foods, Inc. v. Workmen's Compensation Appeal Bd. (Horrocks)*, 660 A.2d 162, 166 (Pa.Cmwlth.1995). In most situations where this sort of dispute arises, *both* the original injury and the subsequent occurrence contribute in some way to the disability at issue. Nonetheless, in order to adjudicate the rights of the parties, we frequently must attribute causation of the current disability to one event or the other. Thus, we have held that if a compensable disability results directly from a prior injury but manifests itself on the occasion of an intervening incident *which does not contribute materially* to the disability, then the claimant has suffered a recurrence. *City of Williamsport v. Workmen's Compensation Appeal Bd.*, 55 Pa.Cmwlth. 618, 423 A.2d 817, 818 (1980). Conversely, of course, where the intervening incident *does materially contribute* to the disability, a new injury, or aggravation, has occurred. *Lawrence v. Workmen's Compensation Appeal Bd. (Commercial Lovelace Motor Freight, Inc./Banner Indus. & Workers)*, 125 Pa. Cmwlth. 701, 559 A.2d 67, 71 (1989), *alloc. denied*, 524 Pa. 634, 574 A.2d 74 (1990).

1. Based on the issues raised on appeal, our review is limited to a determination of whether an error of law was committed and whether necessary findings of fact are supported by substantial evidence. *Reliable Foods, Inc. v. Workmen's Compensation Appeal Bd. (Horrocks)*, 660 A.2d 162, 166 (Pa.Cmwlth.1995). We are also guided by the basic premise that the Workers' Compensation Act is remedial in nature and intended to benefit workers, and therefore, must be liberally construed to effectuate its humanitarian objectives. *Lehigh County Vo–Tech Sch. v. Workmen's Compensation Appeal Bd. (Wolfe)*, 539 Pa. 322, 327, 652 A.2d 797, 799 (1995).

Whether or not the intervening incident materially contributed to the disability is a question of fact to be determined by the WCJ. *Id.*[2]

Here, the WCJ discredited the claimant's testimony concerning an accident of February 3, 1990, and thus found that no such accident caused or contributed to claimant's present disability. He credited Dr. Jaeger's testimony that claimant developed carpal tunnel syndrome in his right hand in 1990, which was caused by the overuse of his right hand made necessary by the preexisting disability of his left hand. These factual findings are fully supported by the record. However, the conclusion drawn from these findings is, as noted by the Board, erroneous. While focusing upon the claimant's assertion that an explosion was the intervening incident which caused his current disability, the WCJ failed to appreciate that, as a matter of law, the repetitive stress experienced during the overuse of his right hand was itself an intervening incident.[3]

▮ Even before the workers' compensation law was amended to delete the requirement that the disabling injury be the result of an "accident," our supreme court had held that repetitive trauma (there, high noise levels) amounted to such a causative incident. "Viewing, as we do, each outburst of noise as a miniature accident operating to break down the claimant's physical structure, we rule that loss of hearing resulting from protracted exposure to noise during the course of employment may constitute a compensable accident within the meaning of the Act." *Hinkle v. H.J. Heinz Co.*, 462 Pa. 111, 118, 337 A.2d 907, 910 (1975). Since *Hinkle*, with respect to carpal tunnel syndrome, we have specifically stated, "It is well settled, of course, that, for an injury to be compensable under the Act, it is not required that the injury have resulted from any sudden occurrence or accident; it may be due to daily trauma or to a daily aggravation of a preexisting injury." *Oakes v. Workmen's Compensation Appeal Bd.*, 66 Pa.Cmwlth. 569, 445 A.2d 838, 840 (1982). Since the repetitive stress from overuse of his right hand was a discreet incident or injury, once the WCJ found that this overuse was a material cause of claimant's current disability, he erred as a matter of law in concluding that claimant suffered from a mere recurrence of his original injury.[4]

2. Many of our cases have characterized the determination of whether a claimant suffers from a recurrence of the old injury or an aggravation of it as a "finding of fact for the WCJ." However, this is merely a shorthand way of saying that it is the province of the WCJ to make the factual finding as to *causation* which will lead to the ultimate legal conclusion that the claimant has sustained a separately compensable injury, called an aggravation, or simply has renewed symptoms of the old injury, compensable only in connection therewith, called a recurrence.

3. SKF argues that Dr. Jaeger's testimony is not available to support a finding that claimant's carpal tunnel constitutes an aggravation since claimant did not present it. In the same vein, SKF argues that claimant did not meet his burden of proof in the hearing before the WCJ since he did not present sufficient medical evidence of his injury and its cause. While SKF is correct that claimant did not present sufficient medical evidence, SKF nonetheless presented it in the form of Dr. Jaeger's testimony. While claimant had the burden of proof in this matter, the evidence required to satisfy that burden did not have to be presented by him. A party's burden may be met where the necessary proof is introduced by his adversary. *See Vann v. Unemployment Compensation Bd. of Review*, 508 Pa. 139, 147, 494 A.2d 1081, 1085 (1985)("The question of the sufficiency of the evidence to meet the burden must be examined against the complete record."); *Summit Fasteners, Inc. v. Harleysville Nat'l Bank & Trust Co.*, 410 Pa.Super. 56, 599 A.2d 203, 208 (1991)("Evidence is no less effective in support of a party's case merely because it came into the case through an adversary rather than through the party."), *alloc. denied*, 530 Pa. 633, 606 A.2d 902 (1992). Therefore, since Dr. Jaeger testified as to claimant's injury and the causal connection between the injury and his work at SKF, and since the WCJ credited his testimony, the Board did not err in concluding that claimant had met his burden of proof.

4. A number of our cases have looked to an evaluation of various specific factors, such as whether the same body part is affected, or whether the claimant had fully recovered from his original injury, rather than utilizing the material causation standard discussed above. We reject that approach here for two reasons. First, the various factors identified are highly fact specific and will vary in their usefulness from case to case, while the material causation approach provides a clearer standard which will yield more consistent results. In addition, the test of whether some new workplace incident contributed in any material way to the current disability makes the analysis of these cases more consistent with that used in those situations in which the preexisting condition is not work-related.

Accordingly, we affirm the decision of the Board.

## ORDER

AND NOW, this 17th day of February, 1999, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby affirmed.

That being said, however, we must note that the result we reach today is fully supported by prior cases which have utilized the specific factor approach. This court has upheld a finding of a recurrence where the same kind of injury recurs in the same body part, where the same type of pain or symptom recurs, *see, e.g.,* *ITT–Hartford Ins. Group v. Workmen's Compensation Appeal Bd. (Atlantic Mut. Ins. Co.),* 688 A.2d 247, 250 (Pa.Cmwlth.1997)(claimant's pain was similar to that experienced with prior disability and physician testified that claimant developed recurrence of earlier symptoms); *Lackawanna Refuse v. Workmen's Compensation · Appeal Bd. (Christiano),* 74 Pa.Cmwlth. 286, 459 A.2d 899, 900 (1983)(claimant testified he was having the "same sort of pain" after his second injury that he had suffered subsequent to his first injury), or where evidence was presented that there was not a full recovery from the prior injury, *see, e.g., Temple Univ. v. Workmen's Compensation Appeal Bd. (Ins. Co. of North America),* 138 Pa.Cmwlth. 394, 588 A.2d 63 (1991)(testimony that claimant had not fully recovered from the initial injury prior to the second injury); *Smith v. Workmen's-Compensation Appeal Bd. (Caton),* 146 Pa. Cmwlth. 495, 606 A.2d 599 (1992)(testimony that claimant had never fully recovered from initial back injury prior to second back injury). Here, neither the injury at issue, the body part involved nor the type of pain or symptoms are the same and claimant recovered from the 1980 injury. In similar situations, we have upheld a finding of an aggravation. *See, e.g., Pfeiffer v. Gibbons Brewery–Lion, Inc.,* 47 Pa.Cmwlth. 311, 407 A.2d 1377 (1979); *Blue Bell Printing v. Workmen's Compensation Appeal Bd. (Montgomery Pub. Co.),* 115 Pa.Cmwlth. 203, 539 A.2d 933 (1988).