

1998 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-27-1998

# United States v. Mortimer

Precedential or Non-Precedential:

Docket 97-2058

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1998

## Recommended Citation

"United States v. Mortimer" (1998). *1998 Decisions.* Paper 271.
http://digitalcommons.law.villanova.edu/thirdcircuit_1998/271

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1998 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed November 27, 1998

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 97-2058

UNITED STATES OF AMERICA
        Appellee,

v.

MATTHEW MORTIMER
        Appellant.

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 97-293-1)

Argued: October 6, 1998

Before: BECKER, Chief Judge, NYGAARD, and NOONAN,*
Circuit Judges.

(Filed November 27, 1998)

_____

*Honorable John T. Noonan, Jr., Senior Judge of the United States
Court of Appeals for the Ninth Circuit, sitting by designation.

Michael R. Stiles, Esquire
United States Attorney
Walter S. Batty, Jr., Esquire
Assistant United States Attorney
Chief of Appeals
Maryanne T. Donaghy, Esquire
  (Argued)
Assistant United States Attorney
Chief, Asset Forfeiture
615 Chestnut Street
Philadelphia, Pennsylvania 19106
 Attorneys for Appellee

Robert Epstein, Esquire (Argued)
Assistant Federal Defender
David L. McColgin, Esquire
Supervising Appellate Attorney
Assistant Federal Defender
Maureen Kearney Rowley, Esquire
Chief Federal Defender
Federal Court Division
Defender Association of Philadelphia
Suite 800 – Lafayette Building
437 Chestnut Street
Philadelphia, Pennsylvania 19106
 Attorneys for Appellant

OPINION OF THE COURT

NOONAN, Circuit Judge.

Matthew Mortimer appeals his conviction of being a felon in possession of a firearm in violation of 18 U.S.C. 922(g)(1). On January 10, 1996 Mortimer hit a parked car as he made a right hand turn. Philadelphia Police Officer Robert Ellis pulled in behind him and got out to investigate. Ellis confronted Mortimer who became combative and struggled physically with Ellis, eventually pulling a gun on him. Ellis knocked the gun from his hand. As thefight continued, Ellis found a second gun on him. Eventually Mortimer was subdued and booked at the police station, signing a property receipt for two guns.

2

At trial Mortimer stipulated to being a felon. The government offered the testimony of the two arresting officers and three other eyewitnesses to establish the facts just stated. The defense challenged the credibility of the witnesses and offered the testimony of the detective from the Philadelphia Police Department who investigated the case and took the statements of the arresting officers. Mortimer was convicted.

Mortimer's appeal would be without merit except for a singular circumstance of his trial. Defense counsel had barely begun her summation when the prosecutor made an objection only to withdraw it with the exclamation,"The judge is not here." The judge, who had been present at all of the prosecutor's argument, had indeed disappeared. He had given no notice to counsel or the jury that he was about to depart. He was simply gone. No good reason or indeed any reason was given for his disappearance. He was back on the bench in time to thank defense counsel for her speech and call on the prosecutor for her rebuttal.

Whether the judge's absence from the bench is an error of constitutional magnitude is a question of law, and our review is plenary. See Lesko v. Owens, 881 F.2d 44, 50 (3d. Cir. 1989), cert. denied, 493 U.S. 1036 (1990). On the facts of this case we hold that structural error occurred. 1

A trial consists of a contest between litigants before a judge. When the judge is absent at a "critical stage" the forum is destroyed. Gomez v. United States, 490 U.S. 858, 873 (1989). There is no trial. The structure has been removed. There is no way of repairing it. The framework "within which the trial proceeds" has been eliminated. See Arizona v. Fulminante, 409 U.S. 279, 309-10 (1991). The verdict is a nullity. Gomez, 490 U.S. at 876 (1989).

_____

1. Judge Becker notes that the Supreme Court has "found structural errors only in a very limited class of cases." Johnson v. United States, 117 S. Ct. 1544, 1549 (1997). While Judge Becker believes that the preferable manner of deciding this case is under the harmless error standard of Chapman v. California, 386 U.S. 18 (1967) (and he is satisfied that the patent error involved here was clearly not harmless beyond a reasonable doubt), he believes that under the facts of this case, the label "structural" is not inappropriate.

3

We cannot, of course, anticipate every circumstance under which the judge's absence may destroy the structure. The structure normally stands if the parties consent to excuse the presence of a judge. Id. at 870; United States v. Love, 134 F.3d 595, 605 (4th Cir.), cert. denied, 118 S. Ct. 2332 (1998); Stirone v. United States, 341 F.2d 253, 256 (3d Cir.), cert. denied, 381 U.S. 902 (1965). No consent occurred here. Before whom was defense counsel to offer consent? That defense counsel continued her summation cannot be construed as consent. Was she to stop in mid-sentence as it were and wait for such time as the judge should reappear? She did her best under the circumstances but her carrying on in adversity cannot be turned into agreement to the judge's absence.

The government contends that the defense must show prejudice. The government relies on Love and Stirone where consent made the difference and on two cases, Haith v. United States, 342 F.2d 158, 159 (3d Cir. 1965) and United States v. Boswell, 565 F.2d 1338, 1341-42 (5th Cir.), cert. denied, 99 S. Ct. 81 (1978), which have been made obsolete by Gomez, supra. An additional case, United States v. Pfingst, 477 F.2d 177, 195-96 (2d Cir.), cert. denied, 93 S. Ct. 2779 (1973), invoked by the government, does not bear on what happened here; it involved a judge's announced absence from the state for a short time during jury deliberations. Id. at 196. A single case, Heflin v. United States, 125 F.2d 700, 700 (5th Cir.), cert. denied, 316 U.S. 687 (1942), is cited by the government where the judge was unexpectedly absent when the jury and counsel were in the courtroom. The absence was two or three minutes and explained as a trip to an adjacent lavatory. This precedent is not close enough to be persuasive and it belongs to an era when structural error was not the criterion. Prejudice to the defendant from the jury inferring that the defense was not worth listening to may have occurred; it is not necessary on this appeal for the defendant to demonstrate it. The structural defect determines the result.

The judgment of the district court will be reversed and the case remanded for a new trial.

4

A True Copy:
Teste:

       Clerk of the United States Court of Appeals
       for the Third Circuit