**John IZZI, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (CENTURY GRAPHICS, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 14, 2000.

Decided March 16, 2000.

---

[8]. *Robinson v. Schellenberg,* 729 A.2d 122 (Pa. Cmwlth.1999).

Howard P. Rovner, Feasterville, for petitioner.

Mary McLaughlin Davis, Paoli, for respondent.

Before SMITH, J., LEADBETTER, J., and NARICK, Senior Judge.

SMITH, Judge.

John Izzi petitions for review of a decision of the Workers' Compensation Appeal Board (Board) that denied his request for reconsideration of the Board's June 2, 1993 order which affirmed the decision of Referee Alexander Hamer Jr.[1] to deny Izzi's claim petition. The Board's denial of reconsideration followed this Court's remand of the matter to the Board to afford Izzi an opportunity to establish that he suffered prejudice from the Board's reassignment of his claim petition to Referee Hamer. Izzi requests that this Court determine whether he was denied due process by the participation of Referee Hamer and whether the Board erred in determining that he did not suffer prejudice from the reassignment.

The facts of this case are detailed in *Izzi v. Workmen's Compensation Appeal Board,* 654 A.2d 176 (Pa.Cmwlth.1995). In short, Izzi filed a claim petition alleging that he was totally disabled as a result of an injury which occurred while he was working for Century Graphics, Inc. (Employer) on May 27, 1988. The matter was originally assigned to Referee Inez G. Lundy who heard testimony from Izzi, from one of Izzi's co-workers and from Employer's president. Izzi presented deposition testimony from three expert medical witnesses, and Employer presented deposition testimony from two expert medical witnesses. Before Referee Lundy rendered a decision, the Board notified the parties that the case was being transferred to Referee Irvin Stander and that counsel could respond to the notice if there was an objection. Izzi did not object to the transfer of the case to Referee Stander. Thereafter, the Board reassigned the case to Referee Hamer without notifying the parties, and the referee issued a decision in favor of Employer.

The Board affirmed Referee Hamer's decision. Izzi filed a petition for reconsideration based on the Board's failure to consider his argument that he was not afforded notice or an opportunity to object to the reassignment of his case to Referee Hamer. The Board stated that it had considered this argument without comment and denied Izzi's petition for reconsideration. On appeal, this Court concluded that the Board abused its discretion in refusing to afford Izzi an opportunity for a hearing to present the basis for his objections to the reassignment to Referee Hamer and in making no findings or analysis regarding whether Izzi was prejudiced by the reassignment.

■ On remand, Izzi argued that he was prejudiced by the reassignment because Referee Hamer is less experienced than Referee Stander and because the Referee who hears the witnesses must de-

1. Workers' compensation referees are now known as workers' compensation judges.

cide the case. The Board recognized that it had erred in failing to afford Izzi an opportunity to object to the reassignment, but the Board concluded that neither reason supplied by Izzi to establish prejudice had merit, and the Board again denied reconsideration. The Board has broad discretion to grant or deny rehearing, and its decision will be reversed only when the Board has abused that discretion. *Izzi.*

Izzi first argues that constitutional principles of due process require that workers' compensation cases be decided by the workers' compensation judge who was present to receive the testimony. Izzi claims entitlement to due process protection by virtue of an asserted property interest in his workers' compensation claim and a property interest in his right to wage loss benefits.[2] In this connection, Izzi argues the unconstitutionality of Section 415 of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 851. That section authorizes the Department of Labor and Industry to reassign a workers' compensation case to a different workers' compensation judge at any time before the original judge has made an award, disallowance of compensation or order. The section provides that the testimony taken before the original judge shall be treated as taken before the substituted judge unless the department orders otherwise. Izzi contends that Section 415 is unconstitutional because it gives the department unfettered discretion to substitute judges and effectively deprives claimants of fair, impartial and meaningful consideration of their claims in cases where the substituted judge was not present to witness the demeanor evidence.

■ This Court has consistently recognized that the constitutional guarantees of due process apply equally to proceedings before administrative tribunals. *See, e.g., Begis v. Industrial Board of the De-partment of Labor and Industry,* 9 Pa. Cmwlth. 558, 308 A.2d 643 (1973). The basic requirements of due process are notice and an opportunity to be heard. *Sunset Golf Course v. Workmen's Compensation Appeal Board (Department of Public Welfare),* 141 Pa.Cmwlth. 103, 595 A.2d 213 (1991). Due process does not require that the actual determinations be made by the person hearing the evidence in all administrative proceedings; nevertheless, the United States Supreme Court has stated that the requirement of a full hearing obviously references the traditional judicial proceedings where evidence is received and weighed by the trier of facts. *Morgan v. United States,* 298 U.S. 468, 480, 56 S.Ct. 906, 911, 80 L.Ed. 1288, 1295 (1936).

However, the Court need not determine whether Izzi had a constitutionally protected interest in having his claim decided by the referee who viewed the demeanor evidence, because no demeanor evidence was presented to Referee Stander, the referee assigned to this case before it was reassigned to Referee Hamer. The only reassignment properly at issue is the reassignment of Izzi's case from Referee Stander to Referee Hamer. The only referee who received testimony and viewed demeanor evidence was Referee Lundy. Izzi had notice and an opportunity to object when the case was transferred from Referee Lundy to Referee Stander, but he raised no objection. Because Referee Stander did not view any of the demeanor evidence, Izzi's argument that he was deprived of due process when the case was transferred to a different judge who had not viewed any of the demeanor evidence is without merit.

■ Lastly, Izzi contends that it was unnecessary for him to demonstrate that he was prejudiced by the reassignment because there was a fundamental breakdown in the administrative framework of

---

**2.** Izzi cites *American Manufacturers Mutual Insurance Co. v. Sullivan,* 526 U.S. 40, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999), for the proposition that procedures for obtaining wage loss benefits enjoy due process protection.

this case.[3] Izzi relies upon *United States v. Mortimer*, 161 F.3d 240 (3rd Cir.1998), for the proposition that it is unnecessary to establish prejudice where there is a fundamental breakdown in the administration of justice. However, Izzi does not explain how the reassignment of his case from Referee Stander to Referee Hamer caused a fundamental breakdown in the administration of justice other than the failure of the Board to permit him an opportunity to object to Referee Hamer's assignment. This Court cured any defect in the procedures followed by ordering a remand of the case to allow Izzi an opportunity to show prejudice, which he failed to do.

Furthermore, *Mortimer* is wholly inapposite to the present matter. In *Mortimer*, the Third Circuit held that a judge's absence from the bench during the closing arguments of a criminal defendant created an irreparable structural defect in the trial and that it was not necessary for the criminal defendant to demonstrate prejudice from the judge's absence. The present matter is civil rather than criminal, and Referee Hamer was no more absent from the proceedings than Referee Stander. The Board's order is affirmed.

## *O R D E R*

AND NOW, this 16th day of March, 2000, the order of the Workers' Compensation Appeal Board is affirmed.

---

**3.** Izzi also asserted before the Board on remand that he was prejudiced by the reassignment because Referee Hamer lacks the experience of Referee Stander. The Board found that this was not a valid basis for Izzi to object to the reassignment because all workers' compensation judges are qualified to render a decision by virtue of the fact that they have been qualified for the position. The Court finds no abuse of discretion in the Board's determination.