UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                             No. 02-6277

FLEMING MACON PLEASANTS,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, Senior District Judge.
(CR-96-21, CA-98-917)

Argued: April 1, 2003

Decided: July 24, 2003

Before MICHAEL and KING, Circuit Judges, and
Terry L. WOOTEN, United States District Judge for the
District of South Carolina, sitting by designation.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Joshua D. Rogaczewski, Student Counsel, Appellate Litigation Clinic, GEORGETOWN UNIVERSITY LAW CENTER, Washington, D.C., for Appellant. Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee. **ON BRIEF:** Steven H. Goldblatt, Director, Abigail V. Carter, Supervising Attorney, Martha R. Mora, Student Counsel, Appellate Litigation

Clinic, GEORGETOWN UNIVERSITY LAW CENTER, Washington, D.C., for Appellant. Frank D. Whitney, United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Fleming Macon Pleasants seeks a Certificate of Appealability (COA) to challenge the district court's order denying his motion for federal habeas relief. Specifically, Pleasants argues he was denied his Sixth Amendment right to effective assistance of counsel and requests that this Court set aside his conviction and remand for a new trial. As explained below, we grant Pleasants' COA but determine that the District Court committed no reversible error. Accordingly, we affirm the District Court's dismissal.

I.

On July 9, 1996, following a jury trial in the United States District Court for the Eastern District of North Carolina, Pleasants was convicted of conspiracy to possess with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. § 846 (2000). On October 7, 1996, the District Court sentenced Pleasants to life in prison. Pleasants filed a timely notice of appeal. The Fourth Circuit Court of Appeals affirmed the judgment of the District Court in an unpublished opinion on December 8, 1997.[1]

On December 4, 1998, Pleasants filed a petition for habeas corpus under 28 U.S.C. § 2255 in the District Court, claiming that he

---

[1]*United States v. Pleasants*, 131 F.3d 138 (4th Cir. 1997) (Unpublished).

received ineffective assistance of counsel. In particular, Pleasants argued his trial counsel was ineffective by failing to object at trial to the judge's absence during closing argument and in failing to raise this issue on direct appeal. The government filed a Motion to Dismiss or for Summary Judgment on February 26, 1999. The District Court granted the government's summary judgment motion on November 27, 2001, denying Pleasants' request for habeas relief. Pleasants timely filed a motion for a COA pursuant to 28 U.S.C. § 2253(c) and a notice of appeal from the District Court's order. On February 19, 2002, the District Court denied Pleasants a COA.

## II.

Pleasants requests that this Court issue a COA under 28 U.S.C. § 2253(c). An appeal may not be taken from the final order in a § 2255 proceeding unless a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1)(2000). A COA will not issue for claims addressed by a district court absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that "reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 123 S.Ct. 1029, 1039 (2003) (internal quotations omitted). Further, a claim can be debatable even though "every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." *Id.* at 1040. After reviewing the record, we conclude that reasonable jurists could debate Pleasants' Sixth Amendment claim. Therefore, we grant Pleasants a COA and address his claims on the merits.

## III.

To prevail on an ineffective assistance of counsel claim, a habeas corpus petitioner must satisfy the two-pronged test of *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, he must show "that counsel's performance was deficient," meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Second, he

must show "that the deficient performance prejudiced the defense."
*Id*.

Under the *Strickland* analysis, an attorney's performance is to be measured by "reasonableness under prevailing professional norms." *Id*. at 688. In applying the professional norms standard, the courts' scrutiny of the performance of counsel must be "highly deferential," and courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. Additionally, counsel's perspective at the time of the representation must be considered. *Id*. If a defendant is able to establish deficient performance, the prejudice prong requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

Ineffective assistance of counsel claims present mixed questions of law and fact and are reviewed de novo. *United States v. DeTemple*, 162 F.3d 279, 289 (4th Cir. 1998).

IV.

At Pleasants' trial, the government presented evidence supporting the charges alleged in the indictment. Following the presentation of the government's case, Pleasants rested without offering any additional evidence. Prior to closing arguments by either the government or defense counsel, the judge instructed the jury as follows:

> Finally, let me say to you that during the course of the arguments, I may not be here at the bench. I may go into my chambers and work on my charge, that is, instructions, or I may work on or just tend to other matters. But if I leave the bench, I will be in earshot, and if one of the lawyers should object to something that the other one says, they know to stop until I can come back into the courtroom and rule on whatever the objections might be.

(Suppl. J.A. at 497) According to the transcript, the Court then referred to the assistant United States attorney for her closing argu-

ment. At some point after recognizing government's counsel, the judge left the courtroom. At the conclusion of her closing argument, Pleasants' counsel began his closing argument. At the conclusion of Pleasants' closing argument, the transcript reflects that the Court called a fifteen minute recess. After the recess, the Court introduced counsel for Pleasants' co-defendant. At the conclusion of his argument, the Court again recognized the assistant United States attorney for her rebuttal argument.[2] The record on appeal indicates that no objections were made by any party either prior to, during, or after closing arguments were delivered.

Pleasants argues that he was not afforded effective assistance because his counsel failed to object to the trial judge's absence during closing arguments. To prevail on an ineffective assistance of counsel claim, petitioner must first show that "counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. In support of his claim, Pleasants primarily argues that the trial judge's absence during a critical stage of the trial may have permitted the jury to infer partiality against Pleasants that may have affected the jury's verdict. We find this argument unpersuasive. Pleasants' counsel was aware that it was common practice for this trial judge to leave the bench during closing arguments. Counsel determined that an objection would likely be futile and could potentially damage their client. Therefore, counsel made the tactical decision not to object. We cannot conclude that counsel made an error so serious that he was not functioning as the counsel required by the Sixth Amendment.

This Court addressed a similar occurrence in *United States v. Love*, 134 F.3d 595 (4th Cir. 1998). In *Love*, the appellant argued that under *Riley v. Deeds*, 56 F.3d 1117 (9th Cir. 1995), the trial judge's absence from the courtroom constituted structural error and was, therefore, reversible *per se*. The *Love* Court distinguished *Riley*[3] and held that

---

[2]Pleasants submitted affidavits indicating that the trial judge left the courtroom after introducing the assistant United States attorney and did not return until the government was close to concluding its rebuttal argument.

[3]In *Riley*, a case factually distinguishable from this one, the trial judge was absent and could not be located when the jury requested that they

the trial judge's absence from the courtroom was not structural error because there was not a complete abdication of judicial control over the process. In *Love*, as in this case, the judge instructed the jury that he would be in his chambers and available to respond to any objections. Therefore, the *Love* Court found that the judge's absence from the courtroom during closing arguments was not structural error when there was not a complete abdication of control over the proceedings. Further, while the *Love* Court noted that it did "not condone the absence of the trial judge from any phase of the trial proceeding," *Love*, 134 F.3d at 604, it concluded that any error was harmless.

Pleasants attempts to distinguish the *Love* decision on the grounds that the judge in that case was intermittently absent from the courtroom during argument, whereas in this case, the judge was absent during his counsel's entire argument. Pleasants contends that because the judge was absent for his entire closing argument, the judge may have given the impression to the jury that the defendant's case had less merit than or lacked the import of the government's case. We find this argument unpersuasive. This Court cannot conclude that there is a factual distinction between the *Love* case and this case sufficient to warrant relief.

Pleasants also argues that his case is less like *Love* and more like *United States v. Mortimer*[4] where the Third Circuit held that under the facts of that case, a trial judge's absence from the bench during closing arguments was structural error. In *Mortimer*, the defense counsel had just begun her closing argument when the prosecutor made an objection only to discover that the judge was no longer present. The judge did not give any notice to the parties or the jury that he was about to depart. The judge returned to the bench in time to thank the defense counsel and call on the prosecutor for her rebuttal, but he

---

be allowed to re-hear certain parts of the testimony given at trial. The judge's law clerk presided over the proceedings and made the decision to allow testimony to be read back to the jury and decided what portions of that testimony should be presented. The Ninth Circuit Court of Appeals held that there was a complete abdication of judicial control over the process that resulted in a structural constitutional error requiring reversal of the defendant's conviction.

[4]*United States v. Mortimer*, 161 F.3d 240 (3d Cir. 1998).

gave no explanation for his departure. The Third Circuit held that the judge's absence from the courtroom in that case was structural error and remanded for a new trial.

In the *Mortimer* opinion, the Court cited *Love* with approval for the proposition that "structure normally stands if the parties consent to excuse the presence of a judge." *Mortimer*, 161 F.3d at 241. In Pleasants' case, as in *Love*, the judge instructed the jury that he may not remain at the bench during closing arguments, but he would be available to rule on any objections. In *Mortimer*, the judge left without notice to the parties. He was not present to rule on an objection made by counsel for the government. Further, in Pleasants' case, like *Love*, the parties did not object to the judge's instruction to the jury or to his leaving the bench. The judge's jury instruction and the opportunity given to the parties to object in the case at bar is more consistent with *Love* and distinguishes it from *Mortimer*. For that reason, we conclude that Pleasants' case is more like *Love* where the court determined the judge's absence from the courtroom was not structural error.

While we do not conclude that counsel was deficient in failing to object to the judge's absence, assuming counsel was deficient, Pleasants is unable to show that the deficient performance prejudiced his defense. Pleasants has "not pointed to any specific comments made in the district judge's absence that affected the trial's fairness," nor has he specified any part of the government's closing argument that was properly subject to objection.[5] *Love*, 134 F.3d at 605. Pleasants has not made a sufficient showing that but for his counsel's alleged unprofessional errors, the result of the proceedings would have been different. Further, Pleasants has failed to put forth sufficient evidence to show that appellate counsel's failure to raise this issue on appeal was so deficient that it fell below the standard set forth in *Strickland*. Therefore, the district court properly denied Pleasants' § 2255 motion.

---

[5]Pleasants also raised a claim of juror inattentiveness. Prior to exiting, the trial judge admonished the jurors to pay attention during closing arguments. Pleasants has failed to put forth sufficient evidence to show that the judge's absence prejudiced the defendant on this claim.

## V.

In conclusion, we grant a COA as to Pleasants' claim that his Sixth Amendment right to effective counsel was violated. However, we conclude that the District Court did not commit reversible error in dismissing Pleasants' § 2255 claim. Accordingly, we affirm.

*AFFIRMED*