# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Stavish, : 
               Petitioner : 
                    : 
                  : 
        v. : No. 2068 C.D. 2014
                    : SUBMITTED: March 27, 2015
Workers' Compensation Appeal : 
Board (Coccia Ford), : 
               Respondent : 


BEFORE:    HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
              HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE ANNE E. COVEY, Judge


**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**JUDGE LEADBETTER**                   **FILED: November 9, 2015**


       John Stavish (Claimant) petitions for review of the order of the Workers' Compensation Appeal Board (Board) that affirmed the decision of Workers' Compensation Judge (WCJ) Brian M. Hemak denying his petition to reinstate disability benefits and granting the petition of Coccia Ford (Employer) to terminate his benefits. Claimant in essence argues that WCJ Hemak's decision is not supported by substantial evidence. We affirm.

       Claimant is employed as Employer's automotive mechanic. On September 20, 2011, Claimant sustained an injury to his lower back, while pushing a transmission to the rear of an engine. On July 31, 2012, WCJ Mark A. Peleak granted Claimant's claim petition for herniated discs at L4-L5 and L5-S1 as work-related and awarded disability benefits from September 27, 2011 until he returned to work on October 24, 2011. Claimant's benefits were suspended as of October

24, 2011.

On October 17, 2012, Claimant filed a petition to reinstate his benefits, alleging that he was experiencing a decreased earning power. He sought partial disability benefits as of October 24, 2011 when his benefits were suspended. On January 28, 2013, Employer filed a termination petition, alleging that Claimant had fully recovered from the work injury as of December 5, 2012. WCJ Peleak held hearings on the petitions in November 2012, February 2013 and May 2013. The petitions were thereafter reassigned to WCJ Hemak due to WCJ Peleak's death. In a subsequently issued decision, WCJ Hemak summarized the testimony presented by the parties.

Claimant testified that he worked 62 to 65 hours per week before the work injury. Claimant's treating physician, Amit Dholakia, D.O., who is board-certified in physical medicine and rehabilitation and in pain medicine, released Claimant to return to work 8 hours per day with a 75-pound lift restriction, which prevented him from removing tires without assistance. Claimant testified that Dr. Dholakia subsequently further reduced his work hours to 6 hours per day and then 5 hours per day, 25 hours per week.

Dr. Dholakia testified by deposition that at the time of his first examination on October 20, 2011, Claimant complained of low back pain with paresthesias going down both legs. Although Claimant had some tenderness in the proximity of the L5-S1 area and along the bilateral posterior sacroiliac spine, Dr. Dholakia's examination was normal. Following Dr. Dholakia's November 1, 2011 examination, Claimant was restricted to work 8 hours per day and to lift up to 75 pounds. Dr. Dholakia agreed that Claimant did not sustain a disc herniation at L5-S1 on September 20, 2011. Although Claimant's bilateral radicular paresthesias

had resolved by November 22, 2011, Dr. Dholakia continued to restrict him to work 40 hours per week because of pain from the L4-5 disc herniation. Claimant's condition had worsened by Dr. Dholakia's May 30, 2012 examination. When Claimant continued to experience lumbar discogenic pain at the time of the August 6, 2012 examination, Dr. Dholakia reduced his work hours to 6 hours. Claimant continued to complain of pain when Dr. Dholakia last saw him in February 2013. Dr. Dholakia then further reduced Claimant's work hours to 5 hours per day and allowed him to lift up to 75 pounds occasionally.

Employer presented the deposition testimony of Christian Fras, M.D., a board-certified orthopedic surgeon. At the time of Dr. Fras's examination on December 5, 2012, Claimant stated that his leg symptoms had resolved, but that he had ongoing back pain. Dr. Fras thought that Claimant's 75-pound lifting restriction was odd because it was such a very heavy weight. Dr. Fras's examination was completely normal. He reviewed MRI studies performed on October 21, 2011 and October 5, 2012. After the 2011 MRI study, the radiologist issued an addendum, indicating that there was no disc herniation at L5-S1 and that there was only an artifact due to patient's movement. The 2012 MRI study also showed no disc herniation at L5-S1. In addition, the herniated disc at L4-5 shown on the 2011 MRI study was no longer noted on the 2012 MRI study. Dr. Fras explained that the vast majority of disc herniations resolve over time with disc fragments being reabsorbed. Dr. Fras opined that Claimant had fully recovered from the work-related injury.

WCJ Hemak accepted Dr. Fras's testimony as credible and rejected Dr. Dholakia's conflicting testimony. WCJ Hemak "was surprised that Claimant would have such a heavy weight restriction, seventy-five (75) pounds, if he

3

remained symptomatic of a low back injury, and likewise found it confusing that Claimant would require such reduced hours, yet still be released to lift such heavy weights." WCJ Hemak's Finding of Fact No. 10. WCJ Hemak found Claimant's testimony to be confusing and inconsistent, noting, *inter alia*, that he denied having issues with lifting at work but also stated that he experienced pain at work while bending and lifting. WCJ Hemak concluded that Claimant failed to establish entitlement to a reinstatement of benefits. He also found that Claimant had fully recovered from the work injury as of Dr. Fras's examination. He denied Claimant's reinstatement petition and granted Employer's termination petition as of December 5, 2012. Concluding that WCJ Hemak's decision was based on his credibility determinations, the Board affirmed. Claimant's appeal to this Court followed.

A claimant seeking to reinstate suspended benefits must establish that his or her earning power is once again adversely affected by the disability and that the disability is a continuation of that which arose from his or her original claim. *Bufford v. Workers' Comp. Appeal Bd. (N. Am. Telecom)*, 2 A.3d 548, 558 (Pa. 2010). Once the claimant meets his or her burden, the burden then shifts to the party opposing the reinstatement petition to show that the claimant's loss in earnings is not caused by the disability arising from the work injury. *Id.* Where the claimant seeks a reinstatement of benefits following a suspension, there remains a presumption that the work-related injury has not fully resolved. *Soja v. v. Workers' Comp. Appeal Bd. (Hillis-Carnes Eng'g Assocs.)*, 33 A.3d 702, 708 (Pa. Cmwlth. 2011).

To terminate the claimant's benefits, the employer must establish either that the claimant's disability had ceased or that any remaining disability was unrelated to the work injury. *Gillyard v. Workers' Comp. Appeal Bd. (Pa. Liquor*

*Control Bd.)*, 865 A.2d 991, 995 (Pa. Cmwlth. 2005). Where the claimant complains of continued pain, the employer meets the burden when its medical expert unequivocally opines that the claimant is fully recovered and can return to work without restrictions and that there are no objective medical findings which either substantiate the claims of pain or connect them to the work injury. *Udvari v. Workmen's Comp. Appeal Bd. (USAir, Inc.)*, 705 A.2d 1290, 1293 (Pa. 1997). If the WCJ credits that testimony, benefits may be properly terminated. *Id.*

Both Dr. Fras and Dr. Dholakia agreed that the 2011 MRI study showed Claimant did not have a herniated disc at L5-S1 and that the radiologist so indicated in the October 2011 supplemental report. Dr. Fras's review of the October 5, 2012 MRI study also indicated that Claimant no longer had a herniated disc at L4-5. Dr. Fras explained the vast majority of disc herniations, up to 80%, resolve and disappear with the passage of time. Dr. Fras's Deposition, Notes of Testimony at 23; Reproduced Record at 149a. Dr. Fras opined that Claimant's preexisting degenerative changes were not aggravated by the work injury and that he had fully recovered from the work injury as of December 5, 2012. WCJ Hemak accepted Dr. Fras's testimony as credible and rejected the conflicting testimony of Dr. Dholakia. WCJ Hemak also rejected Claimant's testimony as confusing and inconsistent.

In a workers' compensation case, credibility determinations and evaluation of evidentiary weight are the exclusive province of the WCJ, who may accept or reject the testimony of any witness, including medical testimony, in whole or in part. *Clear Channel Broad. v. Workers' Comp. Appeal Bd. (Perry)*, 938 A.2d 1150, 1156 (Pa. Cmwlth. 2007). Consequently, the WCJ's acceptance of one medical testimony over another does not constitute a reversible error. *Spring*

*Gulch Campground v. Workmen's Comp. Appeal Bd. (Schneebele)*, 612 A.2d 546, 548 (Pa. Cmwlth. 1992). Our appellate role is not to reweigh the evidence or review the credibility of the witness, but to simply determine whether the WCJ's findings have the requisite measure of support in the record as a whole. *Bethenergy Mines, Inc. v. Workmen's Comp. Appeal Bd. (Skirpan)*, 612 A.2d 434, 437 (Pa. 1992). We must review the evidence in a light most favorable to the party who prevailed before the WCJ. *A & J Builders, Inc. v. Workers' Comp. Appeal Bd. (Verdi)*, 78 A.3d 1233, 1239 (Pa. Cmwlth. 2013).

WCJ Hemak's findings that Claimant did not suffer from a loss of earning power as a result of the work-related disability and that he had fully recovered from the work injury as of December 5, 2012 were based on his credibility determinations. Those findings, therefore, may not be disturbed on appeal and support WCJ Hemak's denial of the reinstatement petition and grant of the termination petition. *Lehigh Cnty. Vo-Tech Sch. v. Workmen's Comp. Appeal Bd. (Wolfe)*, 652 A.2d 797, 800 (Pa. 1995).

Claimant insists, however, that WCJ Hemak's credibility determinations were "erroneous" because he accepted as credible Dr. Fras's testimony in the "cold" record without observing Dr. Fras testify. Claimant's Brief at 16 and 22.

In so arguing, Claimant ignores that his own medical witness, Dr. Dholakia, also testified by deposition. As this Court previously observed, "[d]ue process does not require that the actual determinations be made by the person hearing the evidence in all administrative proceedings." *Izzi v. Workers' Comp. Appeal Bd. (Century Graphics, Inc.)*, 747 A.2d 1289, 1291 (Pa. Cmwlth. 2000). Section 415 of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L.

6

736, *as amended*, added by Section 6 of June 26, 1919, P.L. 642, 77 P.S. § 851, provides:

> At any time before an award or disallowance of compensation or order has been made by a [WCJ] to whom a petition has been assigned, the department [Department of Labor and Industry] may order such petition heard before any other [WCJ]. Unless the department shall otherwise order, *the testimony taken before the original [WCJ] shall be considered as though taken before the substituted [WCJ]*. [Emphasis added.]

Claimant does not dispute WCJ Hemak's Finding of Fact No. 6, which states:

> Both Petitions have been reassigned to this [WCJ] due to Judge Peleak's death. The Parties have been afforded an opportunity to object to the reassignment of the Petitions to this Judge and/or to request an additional hearing but neither Party has raised any objection nor requested an additional hearing.

Having failed to raise an objection to the reassignment or to request an additional hearing before WCJ Hemak, Claimant cannot now do so on appeal. *See Izzi* (rejecting the claimant's argument that the reassignment of the WCJ violated his due process right, where he had an opportunity to object to the reassignment of the WCJ but raised no objection).

Where, as here, the WCJ did not actually observe the witnesses' demeanor, the WCJ must provide some articulation of the objective basis for the credibility determination in order to render a reasoned decision required by Section 422(a) of the Act, 77 P.S. § 834. *Daniels v. Workers' Comp. Appeal Bd. (Tristate Transp.),* 828 A.2d 1043, 1053 (Pa. 2003). Where the WCJ summarizes testimony and objectively explains the credibility determinations, the WCJ's decision will satisfy the reasoned decision requirement. *Amandeo v. Workers' Comp. Appeal Bd. (Conagra Foods)*, 37 A.3d 72, 76 (Pa. Cmwlth. 2012). As already discussed,

7

WCJ Hemak thoroughly summarized the witnesses' testimony and adequately explained why he accepted Dr. Fras's testimony as more credible than Dr. Dholakia and why he found Claimant's testimony not credible. We find Claimant's argument to be improper as an indirect attack on WCJ Hemak's credibility determinations.

Accordingly, the Board's order is affirmed.


_____
**BONNIE BRIGANCE LEADBETTER,**
Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

John Stavish,                           :
                    Petitioner          :
                                        :
            v.                          :    No. 2068 C.D. 2014
                                        :
Workers' Compensation Appeal            :
Board (Coccia Ford),                    :
                    Respondent          :

# **O R D E R**

        AND NOW, this 9th day of November, 2015, the order of the
Workers' Compensation Appeal Board in the above-captioned matter is
AFFIRMED.

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge